

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**John B. Berringer**
Direct Phone:  +1 212 205 6010
Email:  jberringer@reedsmith.com

March 9, 2021

**VIA ECF**

Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York  10007

> **RE:** ***The Roman Catholic Diocese of Rockville Centre, New York v. Arrowood Indemnity Co. et al.***
> ***(In re: The Roman Catholic Diocese of Rockville Centre, New York)*; No. 1:21-cv-00071-JPC**

Dear Judge Cronan:

This firm represents the debtor/plaintiff The Roman Catholic Diocese of Rockville Centre, New York ("Plaintiff") in the above-referenced case.  We respectfully request the transfer of this case, pursuant to Rule 13 of the Rules for the Division of Business Among District Judges (the "Assignment Rules"), to The Honorable Judge Valerie E. Caproni, who has been assigned a related case,  No. 1:20-cv-11011-VEC.  Alternatively, we respectfully request that the Court coordinate with Judge Caproni concerning the resolution of the two parallel motions to withdraw the reference to the Bankruptcy Court with respect to the same adversary proceeding.

By way of background, on October 1, 2020, Plaintiff commenced the underlying adversary proceeding by filing a complaint in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") docketed as Adv. Pro. No. 20-01227-SCC (the "Adversary Proceeding").  The Adversary Proceeding names as defendants several insurance companies including Arrowood Indemnity Company ("Arrowood") and a group of insurance companies identifying themselves as the London Market Insurers ("LMI").  The Complaint seeks as against all defendant insurance companies a declaratory judgment related to certain insurance policies and asserts breach of contract claims.  On December 28, 2020, Arrowood and LMI each filed separate motions to withdraw the reference regarding this single Adversary Proceeding.  Arrowood's motion to withdraw the reference was assigned to Judge Caproni; LMI's motion to withdraw the reference regarding the *same* Adversary Proceeding was assigned to Judge Edgardo Ramos, and has now been re-assigned to Your Honor.  Both motions are fully briefed as of February 10, 2021, and are *sub judice* before Judge Caproni and Your Honor.

The District's Assignment Rules specifically address this situation.  Under the "General Rule" for related cases, the motions by LMI and Arrowood are "deemed related":  "[m]otions to withdraw the bankruptcy reference are deemed related if they seek withdrawal with respect to all or part(s) of the same adversary proceeding."  Assignment Rules 13(a)(1).  The Assignment Rules further provide that in the procedural posture here—where the related action assigned to Your Honor has the higher docket

Hon. John P. Cronan
March 9, 2021
Page 2



number—the Plaintiff (here, a "party other than the one filing a case") may ask Your Honor to transfer this related action to Judge Caproni.  *See* Assignment Rules 13(b)(3).

When the instant proceeding by LMI was filed, the Clerk of the Court assigned it to Judge Caproni, who had also been assigned Arrowood's first-filed motion to withdraw the reference.  Without the benefit of any letter briefing concerning application of the Assignment Rules, Judge Caproni *sua sponte* returned LMI's motion to the assignment wheel as "Not Related."  Thereafter, LMI's motion was assigned to Judge Edgardo Ramos, who on Plaintiff's letter request, which was joined in by all the defendant insurance companies in the Adversary Proceeding, declined to transfer this action to Judge Caproni.  The Plaintiff thereafter wrote to the District's Assignment Committee regarding Judge Ramos's determination, and the Assignment Committee stated that it "does not sit as a court of appeals" regarding determinations of relatedness under the Assignment Rules.  Plaintiff's letter to the Assignment Committee and the Committee's statement in response are attached to this letter.

Plaintiff is not seeking an "appeal" of the earlier determination but, now that this action has been re-assigned to Your Honor, simply wants to call to Your Honor's attention the Assignment Rules and to afford Your Honor an opportunity to apply those Rules to these parallel motions to withdraw the reference regarding the same adversary proceeding.  Specifically, Plaintiff respectfully requests that, in accordance with Assignment Rules 13(a) & (b)(3), the Court transfer this action to Judge Caproni.  Alternatively, Plaintiff respectfully submits that it is in the interests of all parties and the respective district judges that the resolution of LMI's motion to withdraw the reference be coordinated with Judge Caproni's resolution of Arrowood's parallel motion, by means of a joint oral argument or otherwise.

We thank the Court for its consideration.

Respectfully submitted,

REED SMITH LLP


/s/ *John B. Berringer*
By:
    John B. Berringer

JBB:yw
Encls.

cc:    Honorable Valerie E. Caproni (via ECF)
        Parties on Schedule 1 (via email)



**John B. Berringer**
Direct Phone:  +1 212 205 6010
Email:  jberringer@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

SCHEDULE 1

Kevin T. Coughlin, Esq. (KCoughlin@coughlinduffy.com)
Adam M. Smith, Esq. (ASmith@coughlinduffy.com)
Karen H. Moriarty, Esq. (KMoriarty@coughlinduffy.com)
Warren J. Martin Jr., Esq. (wjmartin@pbnlaw.com)
Brett S. Moore, Esq. (bsmoore@pbnlaw.com)
Christopher P. Mazza, Esq. (cpmazza@pbnlaw.com)
*Counsel for Arrowood Indemnity Company*

Catalina J. Sugayan, Esq. (catalina.sugayan@clydeco.us)
Robert A. Meyers, Esq. (Bob.Meyers@clydeco.us)
James J. Moffitt, Esq. (James.Moffitt@clydeco.us)
Russell W. Roten, Esq. (rwroten@duanemorris.com)
Jeff D. Kahane, Esq. (jkahane@duanemorris.com)
Andrew E. Mina, Esq. (amina@duanemorris.com)
*Counsel for London Market Insurers*

Peter P. McNamara, Esq. (peter.mcnamara@rivkin.com)
Charles E. Jones, Esq. (Charles.Jones@lawmoss.com)
*Counsel for Fireman's Fund Insurance Company,*
*Interstate Fire & Casualty Company and National Surety Corporation*

Margaret Catalano, Esq. (jillian.dennehy@kennedyslaw.com)
Jillian G. Dennehy, Esq. (meg.catalano@kennedyslaw.com )
George R. Calhoun, Esq. (george@ifrahlaw.com)
*Counsel for Evanston Insurance Company, as successor*
*by merger to Associated International Insurance Company*

Timothy W. Burns, Esq. (tburns@bbblawllp.com)
Jesse J. Bair, Esq. (jbair@bbblawllp.com)
*Special Insurance Counsel for the Official*
*Committee of Unsecured Creditors of The Roman Catholic*
*Diocese of Rockville Centre, New York*

James I. Stang, Esq. (jstang@pszjlaw.com)
Ilan D. Scharf, Esq. (ischarf@pszjlaw.com)
Karen B. Dine, Esq. (kdine@pszjlaw.com)
Brittany M. Michael, Esq. (bmichael@pszjlaw.com)
*Counsel for the Official Committee of Unsecured*
*Creditors of The Roman Catholic Diocese of*
*Rockville Centre, New York*

Docket in 20-cv-11011 (VEC)

# ReedSmith
**Driving progress through partnership**

**John B. Berringer**
Direct Phone: +1 212 205 6010
Email: jberringer@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

January 15, 2021

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/20/19
```

**VIA E-MAIL AND OVERNIGHT COURIER**

Assignment Committee
Attn: Hon. Chief Judge Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 2550
New York, NY 10007

**RE:** The Roman Catholic Diocese of Rockville Centre, New York v. Arrowood Indemnity Company, et al. (In re The Roman Catholic Diocese of Rockville Centre, New York);
Case 1:21-cv-00071-ER

Dear Honorable Judges:

We represent the debtor/plaintiff The Roman Catholic Diocese of Rockville Centre, New York ("Plaintiff") in the above-referenced case. We respectfully request that the Assignment Committee (the "Committee") transfer this case, pursuant to the Rules for the Division of Business Among District Judges (the "Assignment Rules"), to Judge Valerie E. Caproni, who is presiding over a related case assigned Case No. 1:20-cv-11011-VEC.[1] In these matters, two defendants in the *same* adversary proceeding pending before the Bankruptcy Court made motions to withdraw the reference. Under the "General Rule" for related cases in the Assignment Rules, these matters are "deemed related": "[m]otions to withdraw the bankruptcy reference are deemed related if they seek withdrawal with respect to all or part(s) of the same adversary proceeding." Assignment Rules 13(a)(1). Plaintiff unsuccessfully sought to have this case transferred to Judge Caproni and writes this Committee because having these undeniably related matters heard by different District Judges is contrary to the Assignment Rules, risks subjecting the parties to conflicting orders, and will result in a substantial duplication of effort and expense for the Court and the parties.

*Background*

On October 1, 2020, Plaintiff commenced an adversary proceeding by filing a complaint in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") docketed as Adv. Pro. No. 20-01227-SCC (the "Adversary Proceeding"). The Adversary Proceeding names as defendants several insurance companies including Arrowood Indemnity Company ("Arrowood") and a group of defendant insurance companies identifying themselves as the London

---

[1] Case No. 1:20-cv-11011-VEC is also captioned *The Roman Catholic Diocese of Rockville Centre, New York v. Arrowood Indemnity Company, et al. (In re The Roman Catholic Diocese of Rockville Centre, New York)*.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON
RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Assignment Committee
Attn: Hon. Chief Judge Colleen McMahon
January 15, 2021
Page 2



Market Insurers ("LMI"). The Complaint seeks as against all defendant insurance companies a declaratory judgment related to certain insurance policies and asserts breach of contract claims.

On December 28, 2020, Arrowood and LMI each made separate motions to withdraw the reference with respect to this single Adversary Proceeding. *See Motion to Withdraw the Reference to the Bankruptcy Court Pursuant to 28 U.S.C. § 157(d), Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5011-1* (the "Arrowood Motion"); *Motion for Withdrawal of the Reference* (the "LMI Motion" and, together with the Arrowood Motion, the "Motions"). The Arrowood Motion was transmitted to the District Court by the Clerk of the Bankruptcy Court and was assigned to Judge Caproni on December 29, 2020, as Case No. 1:20-cv-11011-VEC. The LMI Motion (Case No. 1:21-cv-00071) was transmitted to the District Court by the Clerk of the Bankruptcy Court and on January 6, 2021 was assigned to Judge Caproni as related to Case No. 1:20-cv-11011-VEC.

On January 7, 2021, Case No. 1:21-cv-00071 was "Declined as Not Related," with no further explanation, and "returned to the wheel for assignment," whereupon it was assigned to Judge Edgardo Ramos. On January 8, 2021, Plaintiff moved by letter (the "Transfer Motion"), pursuant to Rule 13 of the Assignment Rules, requesting that Judge Ramos transfer Case No. 1:21-cv-00071 to Judge Caproni as related to the Arrowood Motion (i.e., Case 1:20-cv-11011-VEC). A copy of the Transfer Motion is attached for the Assignment Committee's reference.

On January 11, 2021, Judge Ramos entered an Order directing LMI to respond by January 13, 2021 to the arguments in Plaintiff's letter. On January 13, LMI, through its counsel, responded to Plaintiff's letter and stated that LMI "join[s] in [Plaintiff's] argument that the cases are related and that the matters should proceed before a single court." LMI concluded with a request that its case be transferred to Judge Caproni to be heard with the related Case No. 1:20-cv-11011-VEC. In addition, LMI's counsel represented in its letter that counsel for Arrowood concurred that "the cases are related and the matters should proceed before a single court." LMI's response is also attached for the Assignment Committee's reference. On January 13, 2021, Judge Ramos entered an Order denying the Transfer Motion. *See* Case 1:21-cv-00071-ER; ECF No. 13.

<u>Basis for Relief Requested</u>

Pursuant to the Assignment Rules, these Motions to withdraw the reference in the same adversary proceeding are deemed related and should be assigned to a single District Judge. Rule 13 of the Assignment Rules provides:

(a) Determination of Relatedness

(1) General Rule. Subject to the limitations set forth below, a civil case, bankruptcy appeal, or motion to withdraw the bankruptcy reference will be deemed related to one or more civil cases, appeals or motions when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial

Assignment Committee
Attn: Hon. Chief Judge Colleen McMahon
January 15, 2021
Page 3



      duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses. Bankruptcy appeals are deemed related if they arise from the same order or judgment of the bankruptcy court. *Motions to withdraw the bankruptcy reference are deemed related if they seek withdrawal with respect to all or part(s) of the same adversary proceeding*. Nothing in this Rule is intended to preclude parties from moving for consolidated proceedings under Fed. R. Civ. P. 42.

Assignment Rule 13(a)(1)(emphasis added).

      As set out above, the Arrowood Motion and the LMI Motion to withdraw the bankruptcy reference arise in the same Adversary Proceeding. These matters are "deemed related" under the Assignment Rules and are to be assigned to a single District Judge. As asserted in the Transfer Motion, assignment of these Motions to different judges may subject the parties to conflicting orders, the result of which could be that Plaintiff is required to prosecute the Adversary Proceeding in two separate venues (Bankruptcy Court and District Court) or before two separate judges in the District Court. In addition, if these two motions to withdraw the reference for the same Adversary Proceeding are assigned to different District Judges, there will be a substantial duplication of efforts by the Courts and all parties and, in particular, an unnecessary depletion of the assets of the Debtor's estate. Plaintiff respectfully submits that assignment of these cases to a single District Judge is not only required by the Assignment Rules but is also in the interest of justice and efficiency.

      We therefore respectfully request that Case No. 1:21-cv-00071-ER be transferred to Judge Caproni to be heard together with the related Case No. 1:20-cv-11011-VEC.

Respectfully submitted,

*/s/ John Berringer*

John Berringer

Enclosures

cc:
Honorable Edgardo Ramos (via ECF)
Honorable Valerie E. Caproni (via ECF)
Parties on Schedule 1 (via E-mail)

## SCHEDULE 1

Kevin T. Coughlin, Esq. (KCoughlin@coughlinduffy.com)
Adam M. Smith, Esq. (ASmith@coughlinduffy.com)
Karen H. Moriarty, Esq. (KMoriarty@coughlinduffy.com)
Warren J. Martin Jr., Esq. (wjmartin@pbnlaw.com)
Brett S. Moore, Esq. (bsmoore@pbnlaw.com)
Christopher P. Mazza, Esq. (cpmazza@pbnlaw.com)
*Counsel for Arrowood Indemnity Company*

Catalina J. Sugayan, Esq. (catalina.sugayan@clydeco.us)
Robert A. Meyers, Esq. (Bob.Meyers@clydeco.us)
James J. Moffitt, Esq. (James.Moffitt@clydeco.us)
Russell W. Roten, Esq. (rwroten@duanemorris.com)
Jeff D. Kahane, Esq. (jkahane@duanemorris.com)
Andrew E. Mina, Esq. (amina@duanemorris.com)
*Counsel for London Market Insurers*

Peter P. McNamara, Esq. (peter.mcnamara@rivkin.com)
Charles E. Jones, Esq. (Charles.Jones@lawmoss.com)
*Counsel for Fireman's Fund Insurance Company,*
*Interstate Fire & Casualty Company and National Surety Corporation*

Margaret Catalano, Esq. (jillian.dennehy@kennedyslaw.com)
Jillian G. Dennehy, Esq. (meg.catalano@kennedyslaw.com )
George R. Calhoun, Esq. (george@ifrahlaw.com)
*Counsel for Evanston Insurance Company, as successor*
*by merger to Associated International Insurance Company*

Timothy W. Burns, Esq. (tburns@bbblawllp.com)
Jesse J. Bair, Esq. (jbair@bbblawllp.com)
*Special Insurance Counsel for the Official*
*Committee of Unsecured Creditors of The Roman Catholic*
*Diocese of Rockville Centre, New York*

James I. Stang, Esq. (jstang@pszjlaw.com)
Ilan D. Scharf, Esq. (ischarf@pszjlaw.com)
Karen B. Dine, Esq. (kdine@pszjlaw.com)
Brittany M. Michael, Esq. (bmichael@pszjlaw.com)
*Counsel for the Official Committee of Unsecured*
*Creditors of The Roman Catholic Diocese of*
*Rockville Centre, New York*

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON
RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

## TRANSFER MOTION

**ReedSmith**
Driving progress
through partnership
**John B. Berringer**
Direct Phone: +1 212 205 6010
Email: jberringer@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

January 8, 2021

**VIA ECF**

Honorable Edgardo Ramos
United States District Judge
United States District Court
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 619
New York, NY 10007

**RE:** The Roman Catholic Diocese of Rockville Centre, New York v. Arrowood Indemnity Company, et al. (In re The Roman Catholic Diocese of Rockville Centre, New York); Case 1:21-cv-00071-ER

Dear Judge Ramos:

This firm represents debtor/plaintiff The Roman Catholic Diocese of Rockville Centre, New York ("Plaintiff") in the above-referenced matter. Please accept this letter motion for an Order, pursuant to Rule 13 of the Rules for the Division of Business Among District Judges, transferring this matter to The Hon. Valerie Caproni who is presiding over a related matter assigned Case No. 1:20-cv-11011-VEC.

On October 1, 2020, Plaintiff commenced an adversary proceeding by filing a complaint in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") docketed as Adv. Pro. No. 20-01227-SCC (the "Adversary Proceeding"), naming multiple insurance companies including, among others, defendant Arrowood Indemnity Company ("Arrowood") and a group of defendant insurance companies identifying themselves as the London Market Insurers ("LMI"). The Complaint seeks as against all defendant insurance companies a declaratory judgment related to certain insurance policies and asserting breach of contract claims.

On December 28, 2020, Arrowood filed in the Bankruptcy Court its *Motion to Withdraw the Reference to the Bankruptcy Court Pursuant to 28 U.S.C. § 157(d), Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5011-1* (the "Arrowood Motion"). The Arrowood Motion was subsequently transmitted to the District Court by the Clerk of the Bankruptcy Court and has been assigned to Judge Caproni as Case 1:20-cv-11011-VEC. Also on December 28, 2020, LMI filed in the Bankruptcy Court their *Motion for Withdrawal of the Reference* (the "LMI Motion" and, together with the Arrowood Motion, the "Motions"). The LMI Motion was subsequently transmitted to the District Court by the Clerk of the Bankruptcy Court and, on January 6, 2021, was initially assigned to Judge Caproni as related to Case 1:20-cv-11011-VEC. On January 7, 2021, the LMI Motion was "Declined as Not Related" and "returned to the wheel for assignment" whereupon it was assigned to Your Honor.

Honorable Edgardo Ramos
January 8, 2021
Page 2



Plaintiff submits that the Motions are undeniably related as they both are brought by defendant insurance companies to the same adversary proceeding seeking to withdraw the reference to the Bankruptcy Court.

Rule 13(a) provides in pertinent part:

(1) General Rule. Subject to the limitations set forth below[1], a ... motion to withdraw the bankruptcy reference will be deemed related to one or more civil cases, appeals or motions when the interests of justice and efficiency will be served. ... . Motions to withdraw the bankruptcy reference are deemed related if they seek withdrawal with respect to all or part(s) of the same adversary proceeding.

Review of the dockets in this Court and the Bankruptcy Court reveals that LMI did not indicate on form JSC44C (Civil Cover Sheet) that this matter was related to Case 1:20-cv-11011-VEC, the matter before Judge Caproni. There also does not appear to be a Related Case Statement on file, which may have been the basis for the action going back into the wheel for assignment. Nonetheless, the Motions both seek to withdraw the entirety of the Adversary Proceeding and are therefore, pursuant to Rule 13(a)(1), deemed related. Having these Motions heard by two different judges will not only be an inefficient use of the Courts' time and resources and unnecessarily burden the parties, most importantly, it will create a risk of inconsistent rulings concerning identical claims arising out of a single adversary proceeding. The latter could result in a scenario whereby Plaintiff is required to prosecute the Adversary Proceeding in two separate venues (Bankruptcy Court and District Court) or before two separate judges in the District Court. None of these scenarios is in the interest of justice and efficiency, and all interests would be best served if the matters proceeded before a single court.

For the foregoing reasons, it is respectfully requested that Case No. 1:21-cv-00071-ER be transferred to Judge Caproni to be heard together with the related Case No. 1:20-cv-11011-VEC.

Respectfully submitted,

/s/ John Berringer

John Berringer

cc: (via email to parties on Schedule 1)

---

[1] Plaintiff notes that such a limitation is set forth at Rule 13(a)(2)(D), which provides that "[b]ankruptcy appeals and motions to withdraw the reference are not treated as related merely because they arise from the same bankruptcy proceeding." Here, the Motions do not merely arise from the same bankruptcy proceeding, but are brought by defendants to the same adversary proceeding.

Honorable Edgardo Ramos
January 8, 2021
Page 3

**ReedSmith**

SCHEDULE 1

Kevin T. Coughlin, Esq. (KCoughlin@coughlinduffy.com)
Adam M. Smith, Esq. (ASmith@coughlinduffy.com)
Karen H. Moriarty, Esq. (KMoriarty@coughlinduffy.com)
Warren J. Martin Jr., Esq. (wjmartin@pbnlaw.com)
Brett S. Moore, Esq. (bsmoore@pbnlaw.com)
Christopher P. Mazza, Esq. (cpmazza@pbnlaw.com)
*Counsel for Arrowood Indemnity Company*

Catalina J. Sugayan, Esq. (catalina.sugayan@clydeco.us)
Robert A. Meyers, Esq. (Bob.Meyers@clydeco.us)
James J. Moffitt, Esq. (James.Moffitt@clydeco.us)
Russell W. Roten, Esq. (rwroten@duanemorris.com)
Jeff D. Kahane, Esq. (jkahane@duanemorris.com)
Andrew E. Mina, Esq. (amina@duanemorris.com)
*Counsel for London Market Insurers*

Peter P. McNamara, Esq. (peter.mcnamara@rivkin.com)
Charles E. Jones, Esq. (Charles.Jones@lawmoss.com)
*Counsel for Fireman's Fund Insurance Company,
Interstate Fire & Casualty Company and National Surety Corporation*

Margaret Catalano, Esq. (jillian.dennehy@kennedyslaw.com)
Jillian G. Dennehy, Esq. (meg.catalano@kennedyslaw.com )
George R. Calhoun, Esq. (george@ifrahlaw.com)
*Counsel for Evanston Insurance Company, as successor
by merger to Associated International Insurance Company*

Timothy W. Burns, Esq. (tburns@bbblawllp.com)
Jesse J. Bair, Esq. (jbair@bbblawllp.com)
*Special Insurance Counsel for the Official
Committee of Unsecured Creditors of The Roman Catholic
Diocese of Rockville Centre, New York*

James I. Stang, Esq. (jstang@pszjlaw.com)
Ilan D. Scharf, Esq. (ischarf@pszjlaw.com)
Karen B. Dine, Esq. (kdine@pszjlaw.com)
Brittany M. Michael, Esq. (bmichael@pszjlaw.com)
*Counsel for the Official Committee of Unsecured
Creditors of The Roman Catholic Diocese of
Rockville Centre, New York*

## LMI'S RESPONSE TO JANUARY 11, 2021 ORDER

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

**Duane Morris®**

*FIRM and AFFILIATE OFFICES*

BRETT L. MESSINGER
DIRECT DIAL: +1 215 979 1508
PERSONAL FAX: +1 215 689 4903
*E-MAIL:* BLMessinger@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO
AND SRI LANKA

January 13, 2021

**VIA ECF**

Honorable Edgardo Ramos
United States District Judge
United States District Court
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 619
New York, NY 10007

   **Re:** The Roman Catholic Diocese of Rockville Centre, New York v. Arrowood Indemnity Company, et al. (In re The Roman Catholic Diocese of Rockville Centre, New York); Case No. 1:21-cv-00071-ER

Judge Ramos:

  This firm represents Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies (collectively, "London Market Insurers") in the above-referenced matter. This letter responds to the Roman Catholic Diocese of Rockville Centre, New York's ("Diocese") letter dated January 8, 2021, filed as Docket No. 9, that the above-referenced case and Arrowood's Motion to Withdraw the Reference, Case No. 1:20-cv-11011-VEC are related.

DuaneMorris

Honorable Edgardo Ramos
January 13, 2021
Page 2

    Please be advised that the London Market Insurers join in the Diocese's argument that the cases are related and that the matters should proceed before a single court.[1]

    It is respectfully requested that Case No. 1:21-cv-00071ER be transferred to Judge Caproni to be heard together with the related Case No. 1:20-cv-110110-VEC.

                        Respectfully submitted

                        DUANE MORRIS LLP


                        */s/ Brett L. Messinger*

                        Brett L. Messinger
                        Partner

BLM

Cc: (via email to parties on Schedule 1)

---

[1] Counsel for Arrowood Indemnity Company, the movant in Case No. 1:20-cv-110110-VEC, advises that Arrowood also agrees that the cases are related and that the matters should proceed before a single court.

# DuaneMorris

Honorable Edgardo Ramos
January 13, 2021
Page 3

SCHEDULE 1

Kevin T. Coughlin, Esq. (KCoughlin@coughlinduffy.com)
Adam M. Smith, Esq. (ASmith@coughlinduffy.com)
Karen H. Moriarty, Esq. (KMoriarty@coughlinduffy.com)
Warren J. Martin Jr., Esq. (wjmartin@pbnlaw.com)
Brett S. Moore, Esq. (bsmoore@pbnlaw.com)
Christopher P. Mazza, Esq. (cpmazza@pbnlaw.com)
*Counsel for Arrowood Indemnity Company*

Catalina J. Sugayan, Esq. (catalina.sugayan@clydeco.us)
Robert A. Meyers, Esq. (Bob.Meyers@clydeco.us)
James J. Moffitt, Esq. (James.Moffitt@clydeco.us)
Russell W. Roten, Esq. (rwroten@duanemorris.com)
Jeff D. Kahane, Esq. (jkahane@duanemorris.com)
Andrew E. Mina, Esq. (amina@duanemorris.com)
*Counsel for London Market Insurers*

Peter P. McNamara, Esq. (peter.mcnamara@rivkin.com)
Charles E. Jones, Esq. (Charles.Jones@lawmoss.com)
*Counsel for Fireman's Fund Insurance Company,*
*Interstate Fire & Casualty Company and National Surety Corporation*

Margaret Catalano, Esq. (jillian.dennehy@kennedyslaw.com)
Jillian G. Dennehy, Esq. (meg.catalano@kennedyslaw.com)
George R. Calhoun, Esq. (george@ifrahlaw.com)
*Counsel for Evanston Insurance Company, as successor*
*by merger to Associated International Insurance Company*

Timothy W. Burns, Esq. (tburns@bbblawllp.com)
Jesse J. Bair, Esq. (jbair@bbblawllp.com)
*Special Insurance Counsel for the Official Committee of Unsecured Creditors of The Roman*
*Catholic Diocese of Rockville Centre, New York*

James I. Stang, Esq. (jstang@pszjlaw.com)
Ilan D. Scharf, Esq. (ischarf@pszjlaw.com)
Karen B. Dine, Esq. (kdine@pszjlaw.com)
Brittany M. Michael, Esq. (bmichael@pszjlaw.com)
*Counsel for the Official Committee of Unsecured Creditors of The Roman Catholic Diocese of*
*Rockville Centre, New York*

To be Docketed in 20-civ-11011 (VEC) and 21 civ 00071 (ER)

I have today received a letter from the Reed Smith law firm asking the Assignment Committee of the court to transfer the matter filed under docket number 21 civ 00071 to The Hon. Valerie Caproni., who is presiding over the matter filed under docket number 20 civ 11011. It is my understanding that Judge Caproni has declined to deem these matters "related," and that The Hon. Edgardo Ramos, to whom the later-filed matter was wheeled out, has denied a motion made by Reed Smith to "transfer" his case to Judge Caproni.

The Assignment Committee administers the Local Rules for the Division of Business Among Judges. Those rules confer no rights whatever on litigants; they exist solely for internal administrative purposes. The Assignment Committee does not accept or rule on "motions" or applications from parties to lawsuits pending in the court. The Assignment Committee also does not sit as a court of appeals empowered to overrule the decision of a judge that a case is not related, or that a case will not be transferred. Therefore, the Assignment Committee will not authorize any transfer, and the letter from Reed Smith will receive no response other than this docket entry.

1/20/21

[signature]
Chief Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/20/21