UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
: 
THE ROMAN CATHOLIC DIOCESE OF
ROCKVILLE CENTRE, NEW YORK,
:  20-CV-11011 (VEC)
Plaintiff,
:  **THE OFFICIAL COMMITTEE OF**
v. **UNSECURED CREDITORS' MOTION**
:  **TO BE REINSTATED AS A PARTY**
ARROWOOD INDEMNITY COMPANY,
:
Defendant.
------------------------------------- X

The Official Committee of Unsecured Creditors (the "**Committee**") of the Roman Catholic Diocese of Rockville Centre, New York (the "**Debtor**"), hereby moves this Court to reinstate the Committee as a party to this action. In support of its Motion, the Committee respectfully states as follows:

## BACKGROUND

On October 1, 2020 (the "**Petition Date**"), the Diocese filed its chapter 11 bankruptcy petition. On October 16, 2020, the United States trustee for Region 2 appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of nine individuals who hold claims against the Debtor, including eight individuals who were sexually abused as minors by perpetrators for whom the Debtor was responsible, and one representative of a minor with a civil rights claim against the Debtor. *See Notice of Appointment of Official Committee of Unsecured Creditors*, Dkt. 71, No. 20-BK-12345.

The Child Victims Act ("**CVA**") modified the statute of limitations and created a one-year "window" during which victims of child sex abuse whose claims may have been time-barred

1

may commence a timely civil action. The Debtor asserts that from the opening of the CVA's one-year window on August 14, 2019, through the Petition Date, approximately 209 lawsuits have been filed against the Debtor and state court co-defendants stemming from the sexual abuse of survivors (the "**State Court Actions**"). *See Declaration of Charles Moore in Support of the Debtor's Motion for a Preliminary Injunction*, Docket No. 4, ¶ 4 (the "Moore Decl.") and Exhibit A, No. 20-AP-01226.

In connection with the State-Court Actions, the Debtor also filed an adversary proceeding against over a dozen insurers, including Arrowood Indemnity Company ("**Arrowood**"), seeking a declaratory judgment of "its rights under the relevant insurance policies and the recovery of amounts owed under those insurance policies." *Adversary Proceeding Complaint*, Dkt. 1, No. 20-AP-01227. At issue in the adversary proceeding is the availability of the Debtor's many decades of insurance policies, including both primary and excess coverage, to compensate the survivors of sexual abuse.

In an effort to protect its constituents' interests as the intended beneficiaries of the Debtor's liability policies, the Committee moved to intervene in the insurance proceeding. *Motion to Intervene in Adversary Proceeding No. 290-01227*, Dkt. 13, No. 20-AP-01227. As the Committee explained in its motion papers, under settled law of this Circuit, the Committee has an absolute right to intervene in the insurance adversary proceeding. *Id.* at 5-6 & *Reply in Support of Motion to Intervene*, Dkt. 32 at 6-7, No. 20-AP-01227.[1] The Committee also explained that the interests

---

[1] *See, e.g., In re Caldor Corp.*, 303 F.3d 161, 176 (2d Cir. 2002) (holding that parties in interest—including creditors' committees—have an unconditional right to intervene in adversary proceedings); *In re Smart World Techs., LLC*, 423 F.3d 166, 181 (2d Cir. 2005) ("In *Caldor*, this court held that § 1109(b) provides parties in interest with 'an unconditional right to intervene' in adversary proceedings under chapter 11, pursuant to Fed. R. Civ. P. 24(a)(1).") (emphasis added); *In re Calpine Corp.*, 354 B.R. 45, 48 (Bankr. S.D.N.Y. 2006), *aff'd*, 365 B.R. 401 (S.D.N.Y. 2007) ("[*Caldor*] found that pursuant to section 1109(b) of the Bankruptcy Code parties in interest have 'an unconditional right to intervene' in adversary proceedings. . . ."); *In re Adelphia Commc'ns Corp.*, 285 B.R. 848, 853–54 (Bankr. S.D.N.Y. 2002) ("[T]he Second

2

of the survivors in obtaining redress for their grievous injuries will be directly and substantially affected by the recovery to be obtained from the Debtor's liability insurers, including Arrowood. *Motion to Intervene in Adversary Proceeding No. 290-01227*, Dkt. 13 at 4-5 & 6-7, No. 20-AP-01227.

The insurance companies, including Arrowood, objected to the Committee's motion,[2] but the Bankruptcy Court overruled those objections and granted the Committee's motion, finding that the Committee had a right to "intervene unconditionally" in the adversary proceeding. *Order Granting Motion of the Official Committee of Unsecured Creditors to Intervene in Adversary Proceeding No. 20-01227*, Dkt. 38, No. 20-AP-01227.

On December 29, 2020, Arrowood filed a motion to withdraw the reference. *See* Dkt. 1. By Order dated May 17, 2021, this Court granted Arrowood's motion and directed the Clerk to "delete all parties except Plaintiff, the Roman Catholic Diocese of Rockville Centre, New York, and Defendant, Arrowood Indemnity Company, from the case caption and from the ECF list of parties." Dkt. 42 at 21. At the same time, this Court also invited any entities that believe they should be included in the case to file a motion seeking appropriate relief. *Id.* ("If any party or entity believes it should be included as a party in this matter, it is welcome to file such a motion in

---

Circuit [in *Caldor*] determined that section 1109(b) is applicable in adversary proceedings as it is in cases under the Bankruptcy Code, and hence that 'a statute of the United States confers an unconditional right to intervene,' within the meaning of Fed. R. Civ. P. 24(a)(1).'") (emphasis added).

[2] *See Arrowood Indemnity Company's Objection to the Official Committee of Unsecured Creditors' Motion to Intervene in Adversary Proceeding No. 290-01227*, Dkt. 22, No. 20-AP-01227; *LMI'S Objection and Response to the Official Committee of Unsecured Creditors' Motion to Intervene in Adversary Proceeding No. 20-01277 and the Committee's Proposed Order*, Dkt. 24, No. 20-AP-01227; *Associated International Insurance Company's Joinder in Arrowood Indemnity Company's Objection to the Official Committee of Unsecured Creditors' Motion to Intervene in Adversary Proceeding No. 290 01227*, Dkt. 25, No. 20-AP-01227; *Colonial Penn's Joinder in LMI's Objection and Response to the Official Committee of Unsecured Creditors' Motion to Intervene in Adversary Proceeding No. 20-01277 and the Committee's Proposed Order*, Dkt. 27, No. 20-AP-01227; *Interstate Fire & Casualty Company's Joinder in LMI's and Arrowood's Objection and Response to the Official Committee of Unsecured Creditors' Motion to Intervene in Adversary Proceeding No. 20-01277 and the Committee's Proposed Order*, Dkt. 28, No. 20-AP-01227.

3


accordance with the Federal Rules of Civil Procedure."). The Committee filed this motion in response to the Court's directive.

## ARGUMENT

Pursuant to this Court's instruction, (Dkt. 42 at 21), the Committee moves to be reinstated as a party. Under Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." As explained above, the Bankruptcy Court previously granted the Committee's motion to intervene, finding that the Committee had a right to "intervene unconditionally" in the adversary proceeding. *Order Granting Motion of the Official Committee of Unsecured Creditors to Intervene in Adversary Proceeding No. 20-01227*, Dkt. 38 at 3, No. 20-AP-01227 ("The Committee is authorized, pursuant to Section 1109 of the Bankruptcy Code and Bankruptcy Rule 7024 of the Bankruptcy Rules, to intervene unconditionally in the Adversary Proceeding, subject to [certain] limitations."). The Bankruptcy Court's Order authorized the Committee to intervene in the entire insurance case, including that portion of the case involving the dispute between the Debtor and Arrowood that is the subject of this action. *Id.* Given the Bankruptcy Court's prior Order approving the Committee's intervention, and considering the crucial nature of the insurance assets to the recovery for the abuse survivors, the Committee, on behalf of those survivors, respectfully requests that this Court reinstate the Committee as a party in this action.

## CONCLUSION

For the reasons set forth above, the Committee respectfully requests entry of an order (a) reinstating the Committee as a party to this action; and (b) granting the Committee such other and further relief as the Court deems just, fair, and equitable.

Dated: May 28, 2021          **BURNS BOWEN BAIR LLP**

*Timothy W. Burns*
Timothy W. Burns (admitted *pro hac vice*)
Jesse J. Bair (admitted *pro hac vice*)
One South Pinckney St., Suite 930
Madison, Wisconsin 53703
Telephone: (608) 286-2808
Email: tburns@bbblawllp.com
             jbair@bbblawllp.com

*Special Insurance Counsel for the Official Committee of Unsecured Creditors of The Roman Catholic Diocese of Rockville Centre, New York*

**PACHULSKI STANG ZIEHL & JONES LLP**

Karen B. Dine, Esq.
Ilan D. Scharf, Esq.
Brittany M. Michael, Esq.
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: ischarf@pszjlaw.com
        kdine@pszjlaw.com
        bmichael@pszjlaw.com

-and-

James I. Stang (admitted *pro hac vice*)
10100 Santa Monica, Boulevard, 11th Floor
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jstang@pszjlaw.com

*Counsel for the Official Committee of Unsecured Creditors of The Roman Catholic Diocese of Rockville Centre, New York*