**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THE ROMAN CATHOLIC DIOCESE OF
ROCKVILLE CENTRE, NEW YORK,

                  Plaintiff,

    v.

ARROWOOD INDEMNITY COMPANY
f/k/a Royal Insurance Company also f/k/a
Royal Globe Insurance Company,

                Defendant.

Case No: 20-CV-11011 (VEC)

Oral Argument Requested

### DEFENDANT ARROWOOD INDEMNITY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND ITS ANSWER

COUGHLIN MIDLIGE & GARLAND LLP
Kevin T. Coughlin
Adam M. Smith
Karen H. Moriarty
Wall Street Plaza
88 Pine Street, 28th Floor
New York, New York 10005
Telephone: (212) 483-0105
*Counsel for Arrowood Indemnity Company,*
*formerly known as Royal Indemnity*
*Company, as successor by merger to Royal*
*Insurance Company of America*

Adam M. Smith, Esq.
Karen H. Moriarty, Esq

Of Counsel and On the Brief

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION ............................................................................................................1

BACKGROUND ..............................................................................................................1

ARGUMENT ...................................................................................................................2

    I.    Standard of Law – Leave to Amend Should be Freely Given .............................2

    II.    There is no Undue Delay, Dilatory Motive, or Bad-Faith on the part of Arrowood..........4

    III.    Defendant's Proposed Amendment Does Not Unduly Prejudice Plaintiff ......................6

    IV.    Defendant's Proposed Amendment is not Futile..............................................7

CONCLUSION.................................................................................................................8

## <u>TABLE OF AUTHORITIES</u>

<u>**Cases**</u>                                                                                                        <u>**Page(s)**</u>

<u>A.V. by Versace, Inc. v. Gianni Versace S.p.A.</u>,
    87 F. Supp. 2d 281 (S.D.N.Y. 2000)......................................................................6, 7

<u>AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.</u>,
    626 F.3d 699 (2d Cir. 2010)......................................................................................3

<u>Am. First Fed., Inc. v. Lake Forest Park, Inc.</u>,
    198 F.3d 1259 (11th Cir. 1999) ...............................................................................6

<u>Bell Atlantic Corp. v. Twombly</u>,
    550 U.S. 544 (2007)..................................................................................................7

<u>Block v. First Blood Assocs.</u>,
    988 F.2d 344 (2d Cir. 1993).......................................................................................7

<u>BNP Paribas Mortg. Corp. v. Bank of Am., N.A.</u>,
    866 F. Supp. 2d 257 (S.D.N.Y. 2012).......................................................................4

<u>Cesari S.R.L. v. Peju Province Winery L.P.</u>,
    2020 U.S. Dist. LEXIS 34692 (S.D.N.Y. 2020) .......................................................6

<u>Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals</u>,
    282 F.3d 83 (2d Cir. 2002)........................................................................................7

<u>Equitrans, L.P. v. 0.56 Acres More or Less of Permanent Easement Located in</u>
    <u>Marion Cnty.</u>,
    145 F. Supp. 3d 622 (N.D.W. Va. 2015) ...................................................................6

<u>Foman v. Davis</u>,
    371 U.S. 178 (1962)..................................................................................................3

<u>Fui Photo Film USA, Inc. v. McNulty</u>,
    669 F. Supp.2d 405 (S.D.N.Y. 2009)........................................................................4

<u>Gabourel v. Bouchard Transportation Co. Inc., et al.</u>,
    901 F.Supp. 142 (S.D.N.Y. 1995) ............................................................................4

<u>Grullon v. City of New Haven</u>,
    720 F.3d 133 (2d Cir. 2013)......................................................................................2

<u>Hadid v. City of New York</u>,
    182 F. Supp. 3d 4 (E.D.N.Y. 2016) .......................................................................6, 7

<u>Hellauer v. NAFCO Holding Co.</u>,
    1998 U.S. Dist. LEXIS 12029, 1998 WL 472453 (E.D. Pa. July 28, 1998)..............5

1985235_2

**Cases** **Page(s)**

Index Fund, Inc. v. Hagopian,
91 F.R.D. 599 (S.D.N.Y. 1981) ............................................................................5

Ithaca Capital Invs. I S.A. v. Trump Pan. Hotel Mgmt. LLC,
450 F. Supp. 3d 358 (S.D.N.Y. 2020).................................................................7

Kassner v. 2nd Avenue Delicatessen Inc.,
496 F.3d 229 (2d Cir. 2007).................................................................................3

McCarthy v. Dun & Bradstreet,
482 F.3d 184 (2d Cir. 2007).................................................................................3

McCoy v. Goldberg,
845 F. Supp. 155 (S.D.N.Y. 1994) .......................................................................5

Nat'l Union Fire Ins. v. City Sav.,
28 F.3d 376 (3d Cir. 1994)...................................................................................6

Nordco, A.S. v. Ledes, et al.,
1999 U.S. Dist. LEXIS 19605, 1999 WL 1243883 (S.D.N.Y. Dec. 21, 1999) .......................4

Pangburn v. Culbertson,
200 F.3d 65 (2d Cir. 1999)...................................................................................2

Panther Partners, Inc. v. Ikanos Commc'ns, Inc.,
347 F. App'x 617 (2d Cir. 2009) ..........................................................................7

Reines Distrib., Inc. v. Admiral Corp.,
39 F.R.D. 39, 7 Fed.R.Serv.2d 175 (S.D.N.Y.1963) ...........................................5

Roberge v. Hannah Marine Corp.,
124 F.3d 199 (6th Cir. 1997) ...............................................................................5

Ruotolo v. City of New York,
514 F.3d 184 (2d Cir. 2008)..................................................................................6

S.S. Silberblatt, Inc. v. E. Harlem Pilot Block — Bldg. 1 Hous. Dev. Fund Co.,
608 F.2d 28 (2d Cir. 1979)...................................................................................4

Scott v. Chipotle Mexican Grill, Inc.,
300 F.R.D. 193 (S.D.N.Y. 2014) .........................................................................3

SCS Communications, Inc. v. Herrick Co., Inc.,
360 F.3d 329 (2d Cir. 2004).................................................................................3

Soroof Trading Dev. Co. v. GE Microgen, Inc.,
283 F.R.D. 142 (S.D.N.Y. 2012) .........................................................................6

iii

**Cases**                                                                    **Page(s)**

Spartan Grain & Mill Co. v. Ayers,
   517 F.2d 214 (5th Cir. 1976) ..............................................................................5

State Trading Corp. of India v. Assuranceforeningen Skuld,
   921 F.2d 409 (2d Cir. 1990)...............................................................................3

Summit Health, Inc. v. APS Healthcare Bethesda, Inc.,
   993 F. Supp. 2d 379 (S.D.N.Y. 2014)...........................................................3, 7

United States v. 8 Luxury Vehicles,
   88 F. Supp. 3d 1332 (M.D. Fla. 2015)...............................................................6

United States v. Any & All Radio Station Transmission Equip.,
   2004 U.S. Dist. LEXIS 24899 (S.D.N.Y. 2004)................................................5

Williams v. Citigroup Inc.,
   659 F.3d 208 (2d Cir. 2011)..............................................................................3

**Other Authorities**

Federal Rules of Civil Procedure Rule 8(c)(2) .............................................................5

Federal Rules of Civil Procedure Rule 12(b)(6) ...........................................................7

Federal Rules of Civil Procedure Rule 15(a).............................................................1, 2

1985235_2

## INTRODUCTION

Defendant, Arrowood Indemnity Company, formerly known as Royal Indemnity Company, as successor by merger to Royal Insurance Company of America - *improperly plead as* ARROWOOD INDEMNITY COMPANY f/k/a Royal Insurance Company also f/k/a Royal Globe Insurance Company - ("Arrowood" or "Defendant"), by and through its counsel Coughlin Midlige & Garland, LLP, respectfully moves the Court for entry of an Order granting Arrowood leave to amend its Answer pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. As set forth below, Arrowood seeks leave to amend what was previously pled as Affirmative Defenses to be asserted as a Counterclaim. Arrowood seeks affirmative relief against Plaintiff, The Roman Catholic Diocese of Rockville Centre, New York ("Plaintiff" or "the Diocese") in the form of certain declarations regarding the respective rights and obligations of the parties to certain contracts/insurance policies at issue in this litigation, as well as damages. Arrowood seeks this relief independently, and not solely as a defense to Plaintiff's claims.[1]

## BACKGROUND

This action involves a dispute regarding insurance coverage for numerous underlying actions alleging liability against the Diocese in connection with child sexual abuse allegedly committed by perpetrators in the employ of the Diocese. The Diocese filed for Chapter 11 protection in Bankruptcy Court for the Southern District of New York on October 1, 2020, primarily as a result of these pending actions. On the same day it filed for bankruptcy, the Diocese commenced an adversary proceeding against various insurance companies, including Arrowood, seeking declaratory judgment regarding the scope of its insurance coverage and damages for breach of contract ("Complaint"). On December 29, 2020, Arrowood moved to withdraw the

---

[1] These claims for affirmative relief were not previously asserted in the Bankruptcy Court because Arrowood had contested the jurisdiction of that Court to adjudicate these rights and obligations.

reference to the Bankruptcy Court, which motion was granted by this Court by Opinion and Order entered May 17, 2021 (ECF No. 42).

In its Complaint, the Diocese seeks various declarations of the rights and obligations under policies of insurance issued by Arrowood.  Arrowood affirmatively seeks declarations of its rights and obligations regarding the Diocese's claims for coverage for the sexual abuse claims asserted against the Diocese.  Arrowood also seeks reimbursement from the Diocese for costs incurred by Arrowood in defending the Diocese for the underlying sexual abuse claims. These affirmative claims are set forth in Arrowood's proposed Amended Answer with Counterclaim attached as Exhibit B to the Declaration of Adam M. Smith filed in support of this motion.

As per this Court's directive at the June 8, 2021 pretrial conference, and in the Court's June 9, 2021 Order (ECF No. 50), Arrowood met and conferred with the Diocese in an effort to obtain its consent for Arrowood's proposed Amended Answer and avoid motion practice.  The Diocese has refused to consent, claiming that:

> "While the Diocese has a number of grounds to object, which the Diocese will address in response to Arrowood's anticipated motion to amend its Answer, the Diocese believes that any amendments to the pleadings by *either* party should await the Court's ruling on the pending motion for judgment on the pleadings. That ruling is likely to provide substantial guidance to the parties, inform what the amended pleadings should look like, and streamline any future motion practice. Indeed, the Court's ruling could resolve much of the dispute, rendering moot substantial aspects of Arrowood's proposed Amended Answer."

See, June 18, 2021 letter from Reed Smith, ECF No. 61.

Arrowood therefore brings this Motion to Amend.

## **ARGUMENT**

## I.      **Standard of Law – Leave to Amend Should be Freely Given**

There are extremely liberal standards for amending pleadings in federal courts.  Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."; see also, Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013); Pangburn

v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999)(referring to the "relaxed standard" for motions to amend).  Motions to amend are ultimately within the discretion of the district courts.  Foman v. Davis, 371 U.S. 178, 182 (1962). The Second Circuit has instructed courts that the standard is permissive and should be handled with a "strong preference for resolving disputes on the merits." Williams v. Citigroup Inc., 659 F.3d 208, 212-13 (2d Cir. 2011)(further citations omitted).

Pleadings may be amended only if the party establishes "good cause" to amend, Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229, 243 (2d Cir. 2007), which is shown by a movant "demonstrat[ing] diligence before filing [the] motion, such that despite the movant's effort, the deadline to amend the pleadings could not have been reasonably met."  Scott v. Chipotle Mexican Grill, Inc., 300 F.R.D. 193, 197 (S.D.N.Y. 2014).

The Supreme Court has found that it is an abuse of discretion "inconsistent with the Federal rules" for a district court to deny leave without some justification; factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment" can be the basis for this justification.  Foman, 371 U.S. at 182; see also, SCS Communications, Inc. v. Herrick Co., Inc., 360 F.3d 329, 345 (2d Cir. 2004)(stating leave to amend should "only [be] given when factors such as undue delay or undue prejudice to the opposing party are absent"); see generally, McCarthy v. Dun & Bradstreet, 482 F.3d 184, 200-01 (2d Cir. 2007)(noting other factors that could be considered are length of delay, judicial and party resources and tactical behavior); State Trading Corp. of India v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990).

The Second Circuit has held that a district court should allow leave to amend a pleading unless the non-moving party can establish prejudice or bad faith.  Summit Health, Inc. v. APS Healthcare Bethesda, Inc., 993 F. Supp. 2d 379, 403 (S.D.N.Y. 2014)(quoting AEP Energy Servs.

Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010))(further citations omitted); see also, BNP Paribas Mortg. Corp. v. Bank of Am., N.A., 866 F. Supp. 2d 257, 263-264 (S.D.N.Y. 2012)(quoting S.S. Silberblatt, Inc. v. E. Harlem Pilot Block — Bldg. 1 Hous. Dev. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979))("'if the plaintiff has at least colorable grounds for relief,' a district court may grant leave to amend 'unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend  would unduly prejudice the opposing party.'").

To amend an answer to add a counterclaim specifically, the court must look at whether the proposed counterclaim is compulsory, whether the pleader has acted in good faith and has not unduly delayed in filing the counterclaim, whether undue prejudice would result to plaintiff, and whether the counterclaim raises meritorious claims.  Gabourel v. Bouchard Transportation Co. Inc., et al., 901 F.Supp. 142, 144 (S.D.N.Y. 1995); Nordco, A.S. v. Ledes, et al., 1999 U.S. Dist. LEXIS 19605, 1999 WL 1243883, at *5 (S.D.N.Y. Dec. 21, 1999).

Absent the factors discussed herein - futility, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party- leave to amend should, as the rules require, be freely given.  See, e.g., Fui Photo Film USA, Inc. v. McNulty, 669 F. Supp.2d 405, 413 (S.D.N.Y. 2009). As explained further below, because none of those factors are present, and because Arrowood's counterclaim raises meritorious claims, Arrowood's motion should be granted.

## II.    There is no Undue Delay, Dilatory Motive, or Bad-Faith on the part of Arrowood

Arrowood has not acted with any undue delay or dilatory motive. Consistent with its belief that the coverage case was not properly before the Bankruptcy Court, Arrowood did not file a counterclaim seeking affirmative relief.  Once Arrowood's Motion to Withdraw the Reference was granted, it diligently sought leave to amend its pleading to assert a counterclaim.  The Second Circuit has held that amendment is proper in cases where the defendant sought to amend its answer

to assert a counterclaim after far greater gaps in time.  See, e.g., Index Fund, Inc. v. Hagopian, 91 F.R.D. 599, 606 (S.D.N.Y. 1981)(granting defendant leave to amend answer to assert counterclaim eight years after filing original answer); Reines Distrib., Inc. v. Admiral Corp., 39 F.R.D. 39, 7 Fed.R.Serv.2d 175 (S.D.N.Y.1963)(counterclaim allowed in antitrust action pending 4 1/2 years but still at pretrial stage); McCoy v. Goldberg, 845 F. Supp. 155, 158 (S.D.N.Y. 1994)(two and one-half years delay; asserting additional affirmative defenses and counterclaim); Spartan Grain & Mill Co. v. Ayers, 517 F.2d 214 (5th Cir. 1976)(finding trial court should have allowed defendants to assert counterclaims 16 months after their original answer and 2 months before trial).

Moreover, the proposed amendment does not create surprise as the issues raised therein have been known to the Diocese since Arrowood filed an Answer in the Bankruptcy Court.  The Amendment would merely convert the affirmative defenses already asserted by Arrowood into a counterclaim so that Arrowood can seek affirmative relief with regard to its rights and obligations under the subject policies of insurance, and damages, irrespective of whether the Diocese pursues the relief sought in its Complaint. See, Fed. R. Civ. P. 8(c)(2)(allowing the court to correct pleadings when a party mistakenly designates an affirmative defense as a counterclaim or vice versa).

Affirmative defenses are distinct from counterclaims. An affirmative defense is something that, if proven, will reduce or eliminate a plaintiff's recovery even if the plaintiff establishes a prima facie case.  See, e.g., Roberge v. Hannah Marine Corp., 124 F.3d 199, 199 (6th Cir. 1997)("An affirmative defense . . . does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven."); see also, United States v. Any & All Radio Station Transmission Equip., 2004 U.S. Dist. LEXIS 24899, *32 (S.D.N.Y. 2004)(citations omitted); and Hellauer v. NAFCO Holding Co., 1998 U.S. Dist. LEXIS

12029, 1998 WL 472453, at *4 (E.D. Pa. July 28, 1998)("counterclaims are bases on which a jury can award damages while . . . affirmative defenses are merely ways in which [a] defendant can avoid liability.").  A defense is offered as some reason why the plaintiff's requested recovery should be diminished or eliminated, and a counterclaim is "essentially an action which asserts a right to payment." Am. First Fed., Inc. v. Lake Forest Park, Inc., 198 F.3d 1259, 1264 (11th Cir. 1999)(quoting Nat'l Union Fire Ins. v. City Sav., 28 F.3d 376, 393 (3d Cir. 1994)(internal quotation marks omitted)).

By contrast, a counterclaim is a claim for relief which sets forth a claim that the pleader has against an opposing party arising out of an opposing party's claim against the pleader. See, e.g., United States v. 8 Luxury Vehicles, 88 F. Supp. 3d 1332, 1337 (M.D. Fla. 2015); Equitrans, L.P. v. 0.56 Acres More or Less of Permanent Easement Located in Marion Cnty., 145 F. Supp. 3d 622, 631-632 (N.D.W. Va. 2015).

Accordingly, because Arrowood has not acted with any undue delay or dilatory motive, Arrowood's Motion for Leave to Amend should be granted.

## III.    Defendant's Proposed Amendment Does Not Unduly Prejudice Plaintiff

To successfully oppose a motion to amend based on prejudice, undue prejudice must be established.  A.V. by Versace, Inc. v. Gianni Versace S.p.A., 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000). Undue prejudice occurs when an amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Cesari S.R.L. v. Peju Province Winery L.P., 2020 U.S. Dist. LEXIS 34692, *8-9 (S.D.N.Y. 2020)(quoting Soroof Trading Dev. Co. v. GE Microgen, Inc., 283 F.R.D. 142, 147 (S.D.N.Y. 2012)(further citations omitted)); see also, Hadid v. City of New York, 182 F. Supp. 3d 4, 8 (E.D.N.Y. 2016)(quoting Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir.

6

2008)(further citations omitted)). Allegations that an amendment would merely "require the expenditure of additional time, effort, or money do not constitute 'undue prejudice.'" A.V. by Versace, Inc., 87 F. Supp. 2d at 299 (citing Block v. First Blood Assocs., 988 F.2d 344, 351 (2d Cir. 1993)).

Here, the Diocese can claim no prejudice – much less undue prejudice - as it has been well-aware of Arrowood's claims as Arrowood's proposed counterclaim is comprised of the affirmative defenses previously asserted by Arrowood.  The Diocese has been aware of Arrowood's position since no later than December 28, 2020, when Arrowood filed its Answer in the Bankruptcy Court. Arrowood's proposed amendment will not require the Diocese to expend additional resources to conduct discovery or prepare for trial. Nor does it delay the resolution, because this case is still in the pleading stage and formal discovery has not begun.

IV.     **Defendant's Proposed Amendment is not Futile**

An amendment is futile "if it appears that plaintiff cannot address the deficiencies identified by the court and allege facts sufficient to support the claim." Hadid, 182 F. Supp. 3d at 8 (quoting Panther Partners, Inc. v. Ikanos Commc'ns, Inc., 347 F. App'x 617, 622 (2d Cir. 2009)(citation omitted)). Futility of proposed amendments is evaluated under the Fed. R. Civ. P. 12(b)(6) standard, meaning a motion for leave to amend may be denied if plaintiff fails to allege "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007); see also, Summit Health, Inc. v. APS Healthcare Bethesda, Inc., 993 F. Supp. 2d 379, 403 (S.D.N.Y. 2014)(citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)). The party opposing a motion for leave to amend bears the burden of demonstrating futility. Ithaca Capital Invs. I S.A. v. Trump Pan. Hotel Mgmt. LLC, 450 F. Supp. 3d 358, 378 (S.D.N.Y. 2020).

7

The Diocese cannot make a showing of futility. Even if its Motion for Judgment on the Pleadings (ECF Nos. 55-57) is granted, which Arrowood maintains it should not be (ECF Nos. 58-59), numerous issues remain as set forth in Arrowood's proposed counterclaim with regard to the respective rights and obligations of the parties under the subject policies in connection with the numerous requests for coverage for the sexual abuse claims pending against the Diocese.

## CONCLUSION

As explained above, there is good faith, no undue delay, and no undue prejudice in Arrowood's request to amend its answer and assert a counterclaim in its pleading.  Arrowood's proposed Amended Answer with Counterclaim, see Smith Dec., at Exh. B, presents meritorious claims that could not have been filed as a counterclaim previously because Arrowood did not consent to the jurisdiction of the Bankruptcy Court.   Therefore, Arrowood respectfully requests that this Court grant leave to Arrowood to file an Amended Answer with Counterclaim in the form provided with this Motion, see Smith Dec., Exh. B., and grant Arrowood all other relief to which it is entitled.

Dated: June 25, 2021
      New York, New York

                             Respectfully submitted,

                             */s/ Adam M. Smith*
                             Kevin T. Coughlin
                             Adam M. Smith
                             Karen H. Moriarty
                             COUGHLIN MIDLIGE & GARLAND LLP
                             Wall Street Plaza
                             88 Pine Street, 28th Floor
                             New York, New York 10005
                             Phone: 212-483-0105
                             Fax: 212-480-3899
                             E-mail: KCoughlin@cmg.law

8

ASmith@cmg.law
KMoriarty@cmg.law
*Counsel for Arrowood Indemnity Company,*
*formerly known as Royal Indemnity*
*Company, as successor by merger to Royal*
*Insurance Company of America*

and

PORZIO, BROMBERG & NEWMAN, P.C.
Warren J. Martin, Jr.
Brett S. Moore
Christopher P. Mazza
156 West 56th Street. Suite 803
New York, NY 10019-3800
Phone: (212) 265-6888
Fax: (212)957-3983
E-mail: wjmartin@pbnlaw.com
            bsmoore@pbnlaw.com
            cpmazza@pbnlaw.com
*Co-Counsel to Arrowood Indemnity*
*Company, formerly known as Royal*
*Indemnity Company, as successor by merger*
*to Royal Insurance Company of America*

9