REED SMITH LLP
John B. Berringer, Esq.
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: jberringer@reedsmith.com

REED SMITH LLP
Timothy P. Law, Esq. (*pro hac vice*)
Esther Y. Kim
Three Logan Square
1717 Arch Street , Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420
E-mail: tlaw@reedsmith.com
E-mail: esther.kim@reedsmith.com

*Counsel for Plaintiff, The Roman Catholic
Diocese of Rockville Centre, New York*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,<br><br>   Plaintiff,<br><br>against<br><br>ARROWOOD INDEMNITY COMPANY fka Royal Insurance Company, also fka Royal Globe Insurance Company,<br><br>   Defendant. | Case No. 20-CV-11011 (JLR) |

## PLAINTIFF'S ANSWER TO ARROWOOD INDEMNITY COMPANY'S SECOND AMENDED COUNTERCLAIM

   Plaintiff The Roman Catholic Diocese of Rockville Centre, New York (the "Diocese"), by and through its attorneys, responds to the Second Amended Answer with Affirmative Defenses, Counterclaim and Jury Demand filed by Arrowood Indemnity Company ("Arrowood") as follows:

   1.  Admitted in part, denied in part.  It is admitted that the Diocese requested that Arrowood provide insurance coverage in connection with certain lawsuits filed against it as stated in the Adversary Proceeding Complaint (the "Underlying Lawsuits").  Denied as to the remainder.

2.      Denied as stated.   Arrowood agreed to pay a portion of defense costs for independent counsel appointed by the Diocese in certain Underlying Lawsuits, but Arrowood has refused to pay most of the defense costs for the Underlying Lawsuits and denied coverage for some lawsuits.

3.      Denied.

4.      Denied as stated.  Arrowood made certain requests for information that speak for themselves.  The Diocese denies Arrowood's characterization of its information requests.

5.      Denied as stated.  Arrowood made certain requests for information that speak for themselves.  The Diocese denies Arrowood's characterization of its information requests.

6.      Denied as stated.  Arrowood made certain requests for information that speak for themselves.  The Diocese denies Arrowood's characterization of its information requests.

## THE PROOFS OF CLAIM FOR WHICH THE DIOCESE HAS REQUESTED ARROWOOD PROVIDE A DEFENSE

7.      Admitted.

8.      Admitted.

## THE ARROWOOD POLICIES

9.      Admitted.

10.      Admitted.

**A.      The Arrowood Primary Policies**

11.      The Primary Policies speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies.  Upon information and belief, admitted.

12.     The Primary Policies speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies. Upon information and belief, admitted.

13.     The Primary Policies speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies. Upon information and belief, admitted.

14.     The Primary Policies speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies. Upon information and belief, admitted.

15.     The Primary Policies speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies. Upon information and belief, admitted.

16.     The Primary Policies speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies. Upon information and belief, admitted, except that the Primary Policies say "will pay" rather than "to pay."

17.     The Primary Policies speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies. Upon information and belief, admitted.

18.     The Primary Policies speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies. Upon information and belief, admitted.

19.     The Primary Policies speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies. Upon information and belief, admitted.

20.     The Primary Policies speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies. Upon information and belief, admitted.

21.     The Primary Policies speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies. Upon information and belief, admitted.

22.     The Primary Policies speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies.

23.     The Primary Policies speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies. Upon information and belief, admitted, except "claim" rather than "claims."

24.     The Primary Policies speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies. Upon information and belief, admitted.

25.     The Primary Policies speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies.

26.     The Primary Policies speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies.

27.     The Primary Policies speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies. Upon information and

belief, denied.  By way of further response, the Primary Policies state that "the Insured shall immediately forward to the Company every demand, summons or other process received by him or his representative."

28.     The Primary Policies speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies. Upon information and belief, denied.  By way of further response, the Primary Policies state that "at the Company's request" the Diocese is to "assist in making settlements, in the conduct of suits and in enforcing any right of contribution ... attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses."

29.     The Primary Policies speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies.

**B.      The Arrowood Excess/Umbrella Policies**

30.     Arrowood Excess Policy RLX 100035 speaks for itself, and the Diocese denies Arrowood's characterization to the extent inconsistent with the insurance policy.

31.     Endorsement #1 to Arrowood Excess Policy RLX 100035 speaks for itself, and the Diocese denies Arrowood's characterization to the extent inconsistent with the insurance policy.

32.     Arrowood Umbrella Policies RLA 100629, RLA 101501 and RLA 101877 speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies.

33.     Arrowood Umbrella Policy PLA 102188 speaks for itself, and the Diocese denies Arrowood's characterization to the extent inconsistent with the insurance policy.

34.     Endorsement #1 to Arrowood Umbrella Policy PLA 102188 speaks for itself, and the Diocese denies Arrowood's characterization to the extent inconsistent with the insurance policy.

35.     Endorsement #2A to Arrowood Umbrella Policy PLA 102553 speaks for itself, and the Diocese denies Arrowood's characterization to the extent inconsistent with the insurance policy.

36.     Arrowood Umbrella Policy PTQ 302591 and Umbrella Policy PTQ 306461 speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies.

37.     Arrowood Excess and Umbrella Policies in effect from 1964 to 1976 speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies. Upon information and belief, denied.  By way of further response, upon information and belief, there are no "per person" limits in the Arrowood Excess and Umbrella Policies.

38.     Arrowood Excess Policy RLX 100035 speaks for itself, and the Diocese denies Arrowood's characterization to the extent inconsistent with the insurance policy.

39.     Arrowood Excess Policy RLX 100035 speaks for itself, and the Diocese denies Arrowood's characterization to the extent inconsistent with the insurance policy.

40.     Arrowood Excess Policy RLX 100035 speaks for itself, and the Diocese denies Arrowood's characterization to the extent inconsistent with the insurance policy. Upon information and belief, denied.  The Arrowood Excess Policy RLX 100035 requires that "the Insured and the Company shall cooperate ..." which is bi-lateral, requiring mutual cooperation in the defense and settlement of claims.

41.     Arrowood Umbrella Policies RLA 100629, RLA 101501, RLA 101877, PLA 102188, PLA 102553, PTQ 302591 and PTQ 306461 speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies.

42.     Arrowood Umbrella Policies RLA 100629, RLA 101501, RLA 101877, PLA 102188, PLA 102553, PTQ 302591 and PTQ 306461 speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies. By way of further response, "Personal Injury" also includes "False Arrest, False Imprisonment, Wrongful Eviction, Wrongful Entry, Wrongful Detention, Malicious Prosecution, Discrimination ... , Humiliation; also Invasion of the Rights of Privacy, Libel, Slander or Defamation of Character ..." which may arise from the alleged conduct in the Underlying Lawsuits and POCs.

43.     Arrowood Umbrella Policies RLA 100629, RLA 101501, RLA 101877, PLA 102188, and PLA 102553 speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies.

44.     Arrowood Umbrella Policies PTQ 302591 and PTQ 306461 speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies. Upon information and belief, denied.  Upon information and belief, Arrowood Umbrella Policies PTQ 302591 and PTQ 306461 refer to "an accident, including continuous or repeated conditions...."

45.     Arrowood Umbrella Policies RLA 100629, RLA 101501, RLA 101877, PLA 102188, PLA 102553, PTQ 302591 and PTQ 306461 speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies.

46.     Arrowood Umbrella Policies RLA 100629, RLA 101501, RLA 101877, PLA 102188, PLA 102553, PTQ 302591 and PTQ 306461 speak for themselves, and the Diocese denies Arrowood's characterization to the extent inconsistent with these insurance policies. Upon information and belief, denied.

### COVERAGE CORRESPONDENCE AND REQUESTS FOR INFORMATION BETWEEN ARROWOOD AND THE DIOCESE AND CERTAIN AFFILIATED ENTITIES

47.     Denied as stated.   It is admitted that Arrowood made certain requests for information of the Diocese.  The Diocese denies Arrowood's characterization of those requests, which speak for themselves.   The Diocese further denies Arrowood's characterization of its payment of a limited amount of defense expenses.

48.     Denied as stated.   It is admitted that Arrowood made certain requests for information of the Diocese.  The Diocese denies Arrowood's characterization of those requests, which speak for themselves.

49.     Denied as stated.   It is admitted that Arrowood made certain requests for information of the Diocese.  The Diocese denies Arrowood's characterization of those requests, which speak for themselves.

50.     Denied as stated.   It is admitted that Arrowood made certain requests for information of the Diocese.  The Diocese denies Arrowood's characterization of those requests, which speak for themselves.

51.     Denied as stated.   It is admitted that Arrowood made certain requests for information of the Diocese.  The Diocese denies Arrowood's characterization of those requests, which speak for themselves.

52.     Admitted.

53.     Denied as stated.   It is admitted that the Diocese provided Arrowood some communications from other insurance companies.

54.     Denied.    As of March 2022, among other things, the Diocese had voluntarily disclosed to Arrowood 80,044 documents consisting of 300,072 pages in response to various

Arrowood requests.  By way of further response, the Diocese has provided Arrowood and the other insurance companies with an enormous amount of information about the claims asserted in the Underlying Lawsuits.

55.    Denied.

### HISTORICAL INFORMATION AND OTHER REPORTS REGARDING THE DIOCESE'S PRIOR KNOWLEDGE OF ABUSIVE PRIESTS AND OTHER INDIVIDUALS AND WIDESPREAD COVERUP OF ITS KNOWLEDGE OF ABUSE

56.    Denied as stated.

57.    Denied as stated.

**A.     The Crime of Solicitation Instruction**

58.    Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The document described would speak for itself.  The Diocese denies Arrowood's characterization of that document.

59.    Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The document described would speak for itself.  The Diocese denies Arrowood's characterization of that document.

60.    Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The document described would speak for itself.  The Diocese denies Arrowood's characterization of that document.

61.    The Amended Complaint filed in *G.C. v. Diocese of Rockville Centre*, *et. al.*, Supreme Court of the State of New York, County of Nassau, Index Number 900035/2019 (the "G.C. Complaint"), speaks for itself.  The Diocese denies Arrowood's characterization of that document.

**B.**      **The Suffolk County Special Grand Jury Report**

62.      The order alleged speaks for itself, and the Diocese denies Arrowood's characterization of that document.

63.      The Grand Jury Report is a document that speaks for itself, and the Diocese denies Arrowood's characterization of that document.

64.      The Grand Jury Report is a document that speaks for itself.  The Diocese denies Arrowood's characterization of that document.

65.      The Grand Jury Report is a document that speaks for itself.  The Diocese denies Arrowood's characterization of that document.

66.      The Grand Jury Report is a document that speaks for itself.  The Diocese denies Arrowood's characterization of that document.

67.      The Grand Jury Report is a document that speaks for itself.  The Diocese denies Arrowood's characterization of that document.

**C.**      **The "Hidden Disgrace II" Report**

68.      Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The document described would speak for itself.  The Diocese denies Arrowood's characterization of that document.

69.      Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The document described would speak for itself.  The Diocese denies Arrowood's characterization of that document.

70.      Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The document described would speak for itself.  The Diocese denies Arrowood's characterization of that document.

**D.**     **The Anderson Report**

71.     Denied as stated. The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The alleged document would speak for itself. The Diocese denies Arrowood's characterization of that document.

72.     Denied as stated. The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The alleged document described would speak for itself. The Diocese denies Arrowood's characterization of that document.

73.     Denied as stated. The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The alleged document would speak for itself. The Diocese denies Arrowood's characterization of that document.

74.     Denied as stated. The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The alleged document would speak for itself. The Diocese denies Arrowood's characterization of that document.

**E.**     **The Independent Reconciliation and Compensation Program ("IRCP")**

75.     Admitted in part; denied in part. It is admitted that the Diocese established the Independent Reconciliation and Compensation Program ("IRCP") and that it announced the establishment of the IRCP on or about October 16, 2017.

76.     Admitted in part; denied in part. It is admitted that abuse claimants filed claims with the IRCP. Denied as to the remainder.

77.     Denied as stated.

78.     Denied as stated.

**F.**     **Underlying Lawsuits Alleging Prior Knowledge by the Diocese**

79.     Denied as stated.

80.     Denied as stated.

81.     Denied as stated.

82.     Admitted in part; denied in part.  It is admitted that Arrowood filed a Counterclaim against the Diocese that speaks for itself.  The Diocese denies Arrowood's characterization of that Counterclaim.

**I.  Father Romano Ferraro**

83.     Denied.

84.     Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The Complaints that name Ferraro would speak for themselves.  The Diocese denies Arrowood's characterization of those allegations.

85.     It is admitted that the lawsuits listed in Paragraph 85 of Arrowood's Counterclaim allege abuse by Ferraro during the Arrowood policy periods and that the Diocese sought insurance coverage for those lawsuits.  The Complaints speak for themselves, and the Diocese denies Arrowood's characterization of those allegations.  By way of further response, this Court declared that Arrowood had the duty to defend those lawsuits.

86.     Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  The complaints in the lawsuits listed in Paragraph 86 of Arrowood's Counterclaim speak for themselves, and the Diocese denies Arrowood's characterization of those complaints.

87.     Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The complaints referenced would speak for themselves.  The Diocese denies Arrowood's characterization of those documents.

88.     Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The complaints referenced would speak for themselves.  The Diocese denies Arrowood's characterization of those documents.

89.     Admitted.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied as stated.  The complaint in *Kelly v. Diocese of Rockville Centre, et al.*, Supreme Court of New York, County of Nassau, Index No. 900125/2020 (the "Kelly Complaint") speaks for itself.  The Diocese denies Arrowood's characterization of the Kelly Complaint.

97.     The complaint in *F.C. v. Diocese of Rockville Centre, et al.*, Supreme Court of the State of New York, County of Nassau, Index No. 900125/2020 (the "F.C. Complaint") speaks for itself.   The Diocese denies Arrowood's characterization The Diocese denies Arrowood's characterization of the F.C. Complaint.

98.     The F.C. Complaint speaks for itself, and the Diocese denies Arrowood's characterization of the F.C. Complaint.

99.     The complaint in *B.R. v. Diocese of Brooklyn, et al.*, Supreme Court of the State of New York, County of Kings, Index No. 512125/2020 (the "B.R. Complaint") speaks for itself. The Diocese denies Arrowood's characterization of the B.R. Complaint.

100.   The B.R. Complaint speaks for itself, and the Diocese denies Arrowood's characterization of the B.R. Complaint.

101.   The G.C. Complaint speaks for itself, and the Diocese denies Arrowood's characterization of the G.C. Complaint.

102.   The G.C. Complaint speaks for itself, and the Diocese denies Arrowood's characterization of the G.C. Complaint.

103.   The G.C. Complaint speaks for itself, and the Diocese denies Arrowood's characterization of the G.C. Complaint.

104.   The G.C. Complaint speaks for itself, and the Diocese denies Arrowood's characterization of the G.C. Complaint.

105.   The G.C. Complaint speaks for itself, and the Diocese denies Arrowood's characterization of the Kelly Complaint.

106.   The Kelly Complaint speaks for itself, and the Diocese denies Arrowood's characterization of the Kelly Complaint.

107.   The Kelly Complaint speaks for itself, and the Diocese denies Arrowood's characterization of the Kelly Complaint.

108.   The Kelly Complaint speaks for itself, and the Diocese denies Arrowood's characterization of the Kelly Complaint.

109.   Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The documents alleging abuse by Ferraro would speak for themselves.  The Diocese denies Arrowood's characterization of those legal complaints or other documents.

110.    Admitted that Arrowood disclaimed its obligation to defend and/or indemnify the Diocese in the G.C. Action, Kelly Action, F.C. Action, and B.R. Action lawsuits alleging abuse by Ferraro.

111.    Denied as stated.  By way of further response, on February 23, 2022, the Hon. Valerie E. Caproni granted the Diocese's motion for judgment on the pleadings and issued a declaratory judgment that Arrowood has a duty to defend the Diocese in the G.C. Action, Kelly Action, F.C. Action, and B.R. Action based on the allegations made in those complaints.  (ECF Doc. 84 at 11).

## II.  **Monsignor Alan J. Placa**

112.    Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The documents alleging abuse by Placa would speak for themselves.  The Diocese denies Arrowood's characterization of those legal complaints or other documents.

113.    Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The document described would speak for itself.  The Diocese denies Arrowood's characterization of that document.

114.    Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The document described would speak for itself.  The Diocese denies Arrowood's characterization of that document.

115.    The Grand Jury Report speaks for itself, and the Diocese denies Arrowood's characterization of the Grand Jury Report.

116.    The Grand Jury Report speaks for itself, and the Diocese denies Arrowood's characterization of the Grand Jury Report.

117.   The Grand Jury Report speaks for itself, and the Diocese denies Arrowood's characterization of the Grand Jury Report.

118.   The complaints in *Fernan v. Diocese of Rocvkille Centre, et al.*, Supreme Court of the State of New York, County of Nassau Index No. 90037/2019 (the "Fernan Complaint") and *Tollner v. Diocese of Rockville Centre, et al.*, Supreme Court of the State of New York, County of Nassau Index No. 90037/2019 (the "Tollner Complaint") speak for themselves, and the Diocese denies Arrowood's characterization of those documents.

119.   The Fernan Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

120.   The Fernan Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

121.   The Fernan Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

122.   The Tollner Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

123.   The Tollner Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

124.   The Tollner Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

125.   The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegations.

### III. Father Charles A. "Bud" Ribaudo

126.    Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The documents alleging abuse by Ribaudo would speak for themselves.  The Diocese denies Arrowood's characterization of those legal complaints or other documents.

127.    The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegations. The alleged document would speak for itself.   The Diocese denies Arrowood's characterization of that document.

128.    Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The document described would speak for itself.  The Diocese denies Arrowood's characterization of that document.

129.    Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The document described would speak for itself.  The Diocese denies Arrowood's characterization of that document.

130.    The Grand Jury Report speaks for itself, and the Diocese denies Arrowood's characterization of that document.

131.    The Grand Jury Report speaks for itself, and the Diocese denies Arrowood's characterization of that document.

132.    The Grand Jury Report speaks for itself, and the Diocese denies Arrowood's characterization of that document.

133.    The Grand Jury Report speaks for itself, and the Diocese denies Arrowood's characterization of that document.

134.    The Grand Jury Report speaks for itself, and the Diocese denies Arrowood's characterization of that document.

135.    The complaints in *Koeneke v. Holy Family Roman Catholic Church, et al.*, Supreme Court of the State of New York, County of Nassau Index No. 900004/2019 (the "Koeneke Complaint"), *Barrett v. Holy Trinity Diocesan High School, et al.*, Supreme Court of the State of New York, County of Nassau Index No. 900048/2019 (the "Barrett Complaint"), *Kustes v. Diocese of Rockville Centre, et al.*, Supreme Court of the State of New York, County of Nassau Index No. 900048/2019 (the "Kustes Complaint") and *Anonymous PK v. Diocese of Rockville Centre, et al.*, Supreme Court of the State of New York, County of Nassau Index No. 900004/2019 (the "Anonymous PK Complaint") speak for themselves, and the Diocese denies Arrowood's characterization of those documents.

136.    The Koeneke Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

137.    The Koeneke Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

138.    The Anonymous PK Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

139.    The Anonymous P.K. Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

140.    The Barrett Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

141.    The Barrett Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

142.     The Kustes Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

143.     The Kustes Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

144.     The Kustes Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

145.     The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegations.

## IV.  **Bishop John R. McGann**

146.     Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The documents alleging abuse by McGann would speak for themselves.  The Diocese denies Arrowood's characterization of those legal complaints or other documents.

147.     The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegations. The document described would speak for itself.   The Diocese denies Arrowood's characterization of that document.

148.     The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegations. The document described would speak for itself.   The Diocese denies Arrowood's characterization of that document.

149.     The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegations. The document

described would speak for itself.  The Diocese denies Arrowood's characterization of that document.

150.    The complaints in *Silvestre v. The Roman Catholic Diocese of Rockville Centre, New York, et al.*, Supreme Court of the State of New York, County of Nassau Index No. 900054/2019 (the "Silvestre Complaint"), *Joanne Jack v. The Roman Catholic Diocese of Rockville Centre, New York, et al.*, Supreme Court of the State of New York, County of Nassau Index No. 900052/2019 (the "Joanne Jack Complaint"), and *Alexander Jack v. The Roman Catholic Diocese of Rockville Centre, New York*, et al., Supreme Court of the State of New York, County of Nassau Index No. 900052/2019 (the "Alexander Jack Complaint") speak for themselves, and the Diocese denies Arrowood's characterization of those complaints.

151.    The Silvestre Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

152.    The Silvestre Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

153.    The Silvestre Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

154.    The Silvestre Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

155.    The Joanne Jack Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

156.    The Joanne Jack Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

157.    The Joanne Jack Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

158.    The Alexander Jack Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

159.    The Alexander Jack Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

160.    The Alexander Jack Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

161.    The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegations.

## V.   **Monsignor Edward L. Melton**

162.    Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The documents alleging abuse by Melton would speak for themselves.  The Diocese denies Arrowood's characterization of those legal complaints or other documents.

163.    The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegations. The document described would speak for itself.  The Diocese denies Arrowood's characterization of that document.

164.    The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegations. The document described would speak for itself.  The Diocese denies Arrowood's characterization of that document.

165.    The complaints in *Mills v. Roman Catholic Diocese of Rockville Centre, New York, et al.*, Supreme Court of the State of New York, County of Nassau Index No. 900040/2019 (the "Mills Complaint"), *Mattison v. Roman Catholic Diocese of Rockville Centre, New York, et al.*, Supreme Court of the State of New York, County of Nassau Index No. 900053/2019 (the "Mattison Complaint"), *Hagan v. Roman Catholic Diocese of Rockville Centre, New York, et al.*, Supreme Court of the State of New York, County of Nassau Index No. 900053/2019 (the "Hagan Complaint"), and the Silvestre and Joanne Jack Complaints  speak for themselves, and the Diocese denies Arrowood's characterization of those documents.

166.    The Mills Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

167.    The Mills Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

168.    The Mills Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

169.    The Mattison Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

170.    The Mattison Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

171.    The Mattison Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

172.    The Hagan Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

173.    The Hagan Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

174.    The Hagan Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

175.    The Silvestre Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

176.    The Silvestre Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

177.    The Silvestre Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

178.    The Joanne Jack Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

179.    The Joanne Jack Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

180.    The Joanne Jack Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

## VI.  Father Robert L. Brown

181.    Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The documents alleging abuse by Brown would speak for themselves.  The Diocese denies Arrowood's characterization of those legal complaints or other documents.

182.    Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The documents alleging abuse by

Brown would speak for themselves.  The Diocese denies Arrowood's characterization of those legal complaints or other documents.

183.    The Silvestre Complaint, the Alexander Jack complaint, and the complaints in *PC-20 Doe v. The Roman Catholic Diocese of Rockville Centre, et al.*, Supreme Court of the State of New York, County of Nassau, Index No. 900110/2020 (the "PC-20 Doe" Complaint) and *Piscotta v. The Diocese of Rockville Centre, et al.*, Supreme Court of the State of New York, County of Nassau, Index No. 900041/2020 (the "Piscotta" Complaint) speak for themselves, and the Diocese denies Arrowood's characterization of those documents.

184.    The Silvestre Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

185.    The Silvestre Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

186.    The Silvestre Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

187.    The Alexander Jack Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

188.    The Alexander Jack Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

189.    The Alexander Jack Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

190.    The PC-20 Doe Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

191.    The PC-20 Doe Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

192.    The Piscotta Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

193.    The Piscotta Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

194.    The Piscotta Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

195.    The Piscotta Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

**VII.  Father Joseph C. McComiskey**

196.    Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The documents alleging abuse by McComiskey would speak for themselves.  The Diocese denies Arrowood's characterization of those legal complaints or other documents.

197.    Denied as stated.  The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The documents alleging abuse by McComiskey would speak for themselves.  The Diocese denies Arrowood's characterization of those legal complaints or other documents.

198.    The complaints filed in *S.T. v. Diocese of Rockville Centre, et al.*, Supreme Court of the State of New York, County of Nassau, Index No. 900007/2019 (the "S.T. Complaint") and *Moore v. Diocese of Rockville Centre, et al.*, Supreme Court of the State of New York, County of Nassau, Index No. 950167/2019 (the "Moore" Complaint) lawsuits speak for themselves, and the Diocese denies Arrowood's characterization of those documents.

199.    The S.T. Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

200.    The S.T. Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

201.    The S.T. Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

202.    The S.T. Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

203.    The Moore Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

204.    The Moore Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

205.    The Moore Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

206.    The Moore Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

207.    The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## ACTUAL CONTROVERSY

208.    Admitted in part; denied in part.  It is admitted that an actual controversy exists between Arrowood and the Diocese concerning insurance coverage for the Underlying Lawsuits and the Proofs of Claim filed in the Bankruptcy Court.  Denied as to the remainder.

## FIRST CAUSE OF ACTION

209.    The Diocese incorporates by reference the responses set forth in Paragraphs 1 through 208.  To the extent a response is required, the allegations are denied.

210.    Denied.

211.    The complaints in lawsuits alleging abuse by Ferraro speak for themselves, and the Diocese denies Arrowood's characterization of those documents.

212.    The complaints in lawsuits alleging abuse by Ferraro speak for themselves, and the Diocese denies Arrowood's characterization of those documents.

213.    The Diocese is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegations. The documents alleging abuse by Ferraro would speak for themselves.  The Diocese denies Arrowood's characterization of those legal complaints or other documents.

214.    Denied.

215.    Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

216.    Denied. The allegations in this Paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

217.    Denied. The allegations in this Paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## SECOND CAUSE OF ACTION

218.     The Diocese incorporates by reference the responses set forth in Paragraphs 1 through 217.  To the extent a response is required, the allegations are denied.

219.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

220.     Denied.

221.     Denied.

222.     The complaints in lawsuits alleging abuse by Alan J. Placa, Charles Ribaudo, John McGann, Edward Melton, Robert Brown and/or Joseph McComiskey speak for themselves, and the Diocese denies Arrowood's characterization of those documents.

223.     The complaints in lawsuits alleging abuse by Alan J. Placa, Charles Ribaudo, John McGann, Edward Melton, Robert Brown and/or Joseph McComiskey speak for themselves, and the Diocese denies Arrowood's characterization of those documents.

224.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

225.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

226.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

227.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

228.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## <u>THIRD CAUSE OF ACTION</u>

229.    The Diocese incorporates by reference the responses set forth in Paragraphs 1 through 228.  To the extent a response is required, the allegations are denied.

230.    Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

231.    The Kelly Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

232.    The Kelly Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

233.    The Kelly Complaint speaks for itself, and the Diocese denies Arrowood's characterization of that document.

234.    Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

235.    Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

236.    Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

237.    Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## <u>FOURTH CAUSE OF ACTION</u>

238.    The Diocese incorporates by reference the responses set forth in Paragraphs 1 through 237.  To the extent a response is required, the allegations are denied.

239.   Denied. The allegations in this Paragraph state conclusions of law to which no response is required and the insurance policies that Arrowood sold to the Diocese speak for themselves.  To the extent a response is required, the allegations are denied.

240.   Denied. The allegations in this Paragraph state conclusions of law to which no response is required and the insurance policies that Arrowood sold to the Diocese speak for themselves.  To the extent a response is required, the allegations are denied.

241.   Denied as stated.  It is admitted that Arrowood has agreed to pay a small portion of defense costs for independent counsel to defend the Diocese in certain Underlying Lawsuits, but in breach of its duty to defend, Arrowood has refused to pay most of the defense costs for the Underlying Lawsuits.

242.   Denied as stated.  Arrowood has made certain information requests, which speak for themselves.  The Diocese denies Arrowood's characterization of those information requests. It is specifically denied that Arrowood does not have sufficient information to fully evaluate the Underlying Lawsuits for which Arrowood owes a duty to defend.

243.   Denied as stated.  Arrowood has made certain information requests, which speak for themselves.  The Diocese denies Arrowood's characterization of those information requests.

244.   Denied as stated.  By way of further response, as of March 2022, the Diocese had provided Arrowood access to a database with 80,044 documents consisting of 300,072 pages, as well as other documents, to allow Arrowood to associate or participate in the defense, mediation, and resolution of the Underlying Lawsuits and the claims made in bankruptcy.

245.   Denied as stated.   The Diocese possesses and has provided Arrowood with substantial documents, records, or other information requested by Arrowood.

246.    Denied as stated.  As of March 2022, the Diocese had provided Arrowood access to a database with 80,044 documents consisting of 300,072 pages, as well as other documents, to allow Arrowood to associate or participate in the defense, mediation, and resolution of the Underlying Lawsuits and the claims made in bankruptcy.

247.    Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

248.    Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

249.    Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The Diocese specifically denies engaging in a deliberate pattern of refusing to provide Arrowood with relevant documents.

250.    Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied. The Diocese specifically denies any deliberate and material failure to cooperate with Arrowood's investigation of the Diocese's requests for coverage.

### FIFTH CAUSE OF ACTION

251.    The Diocese incorporates by reference the responses set forth in Paragraphs 1 through 250.  To the extent a response is required, the allegations are denied.

252.    Denied. The allegations in this Paragraph state conclusions of law to which no response is required and the insurance policies that Arrowood sold to the Diocese speak for themselves.  To the extent a response is required, the allegations are denied.

253.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required and the insurance policies that Arrowood sold to the Diocese speak for themselves.  To the extent a response is required, the allegations are denied.

254.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

255.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

256.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

257.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

258.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

259.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## SIXTH CAUSE OF ACTION

260.     The Diocese incorporates by reference the responses set forth in Paragraphs 1 through 259.  To the extent a response is required, the allegations are denied.

261.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

262.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

263.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

264.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## SEVENTH CAUSE OF ACTION

265.     The Diocese incorporates by reference the responses set forth in Paragraphs 1 through 264.  To the extent a response is required, the allegations are denied.

266.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

267.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## EIGHTH CAUSE OF ACTION

268.     The Diocese incorporates by reference the responses set forth in Paragraphs 1 through 267.  To the extent a response is required, the allegations are denied.

269.     The Underlying Lawsuits speak for themselves, and the Diocese denies Arrowood's characterization of the Underlying Lawsuits.

270.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

271.     Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## NINTH CAUSE OF ACTION

272.     The Diocese incorporates by reference the responses set forth in Paragraphs 1 through 271.  To the extent a response is required, the allegations are denied.

273.    Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

274.    Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

275.    Denied. The allegations in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

WHEREFORE, It is denied that Counterclaimant Arrowood is entitled to the judgment it seeks.

## **AFFIRMATIVE DEFENSES**

1.    The Underlying Lawsuits are covered claims entitling the Diocese to full defense and indemnity coverage under the insurance policies Arrowood sold to the Diocese.

2.    Under New York law, if there is any potential coverage regarding a complaint, Arrowood must defend the entire action and not some subset thereof.

3.    Under New York law, Arrowood's duty to defend arises whenever the Underlying Lawsuits allege an act or omission within the policy's coverage and Arrowood cannot look beyond the allegations in the Underlying Lawsuits to avoid its obligation to defend.

4.    All ambiguities in the insurance policies that Arrowood sold to the Diocese must be construed in favor of coverage for the Diocese.

5.    The Diocese materially complied with all terms and conditions of the insurance policies that Arrowood sold to the Diocese.

6.    The duty to cooperate is limited to a duty to cooperate in the defense of claims and does not apply to an insurance company's efforts to deny or withhold coverage.

7.     The duty to cooperate applies only when the insurer and insured are in a relationship of some trust to each other, one akin to a fiduciary relationship, and Arrowood's breach of its duty to defend and creation of a conflict of interest with the Diocese rendered inapplicable Arrowood's cooperation clause.

8.     To the extent the duty to cooperate applies, Arrowood breached its duty to cooperate with the Diocese in the defense and settlement of claims.

9.     The Diocese had no duty to provide notice of any occurrence or claim to the extent that, and during any time period in which, the Diocese had a reasonable belief of non-liability.

10.    Arrowood waived or is estopped from asserting its alleged rights to decline to defend and/or indemnify the Diocese.

11.    Arrowood may not disclaim liability for the Underlying Lawsuits to the extent Arrowood failed to comply with New York Insurance Law § 3420(d)(2), which requires an insurance company to disclaim liability or deny coverage for bodily injury <u>as soon as is reasonably possible</u> <u>both</u> to the insured <u>and</u> to the injured person or any other claimant because Arrowood did not disclaim liability as soon as reasonably possible and because Arrowood did not send any notice of disclaimer to the injured person.

12.    Arrowood breached its duty to pay the reasonable value of services of independent counsel to defend the Underlying Lawsuits and claims in bankruptcy.

13.    Arrowood breached its duty of good faith and fair dealing in relation to the defense and settlement of the relevant claims.

14.    The Arrowood insurance policies contain no right that would allow Arrowood to obtain reimbursement of defense expenses it has paid.

15.     Arrowood may not obtain any affirmative recovery from the Diocese because Arrowood failed to submit a proof of claim prior to the relevant deadline in the Bankruptcy Court.

16.     Arrowood may not reduce its liability under its insurance policies by allocating liability it owes to other insurance companies who owe insurance coverage in other policy periods.

17.     Other insurance companies are absent necessary and indispensable parties to this action to the extent Arrowood seeks to allocate liability to, or seek contribution from, other insurance companies who owe insurance coverage in other policy periods.

18.     Arrowood's Second Amended Counterclaims place the Diocese in a defensive position, and to the extent that the Diocese prevails on those Second Amended Counterclaims, the Diocese is entitled to an award of fees and costs.

**WHEREFORE**, the Diocese respectfully requests that the Court enter judgment in its favor, against Arrowood, as prayed for in its Adversary Proceeding Complaint and dismiss Arrowood's Second Amended Counterclaim with prejudice, and award attorney's fees, costs of suit and other relief as the Court may deem equitable and just.

Respectfully submitted,

**REED SMITH LLP**

Dated:  February 1, 2023

/s/ John B. Berringer
John B. Berringer, Esq.
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: jberringer@reedsmith.com

Timothy P. Law, Esq. (*pro hac vice*)
Esther Y. Kim, Esq.
Three Logan Square
1717 Arch Street , Suite 3100
Philadelphia, PA 19103

Telephone: (215) 851-8100
Facsimile: (215) 851-1420
E-mail: tlaw@reedsmith.com
E-mail: esther.kim@reedsmith.com

*Counsel for Plaintiff, The Roman Catholic
Diocese of Rockville Centre, New York*

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that I caused to be filed the foregoing Plaintiff's Answer to Arrowood Indemnity Company's Second Amended Counterclaim using this Court's ECF System which will send notification of such filing on all counsel of record by electronic mail.

REED SMITH LLP

Dated:  February 1, 2023                    */s/ John B. Berringer*