

Wall Street Plaza
88 Pine Street, 28th Floor
New York, New York 10005
phone:  212-483-0105
fax: 212-480-3899
www.cmg.law

350 Mount Kemble Ave.
P.O. Box 1917
Morristown, New Jersey 07962
phone:  973-267-0058
fax:  973-267-6442

ADAM M. SMITH
DIRECT DIAL: (212) 612-4995
EMAIL: ASMITH@CMG.LAW

KAREN H. MORIARTY
DIRECT DIAL: (973) 631-6027
EMAIL: KMORIARTY@CMG.LAW

May 10, 2023

<u>Via ECF</u>
Hon. Jennifer L. Rochon, U.S.D.J.
Southern District of New York
500 Pearl Street
Chambers, Room 1920
New York, New York 10007

    Re:   *The Roman Catholic Diocese of Rockville Centre, New York*
             *v. Arrowood Indemnity Company*
             Case No. 20-cv-11011 (JLR)(SLC)
             Our File No.: R0078-00181

Dear Judge Rochon:

      We represent Defendant, Arrowood Indemnity Company ("Arrowood"), in the above-referenced matter. We write to request the Court's assistance to address significant attorney misconduct and obstructive behavior at a deposition. Specifically, counsel for Plaintiff, The Roman Catholic Diocese of Rockville Centre ("Diocese") refused to permit the deposition of the Diocese's *Federal Rule of Civil Procedure* 30(b)(6) witness to continue without counsel having the ability to consult with the witness and suggest answers to the witness. A condensed copy of the deposition transcript is attached as Exhibit A. Efforts to "meet and confer" on this issue were conducted at the deposition and on the record to no avail.

      The Diocese agreed to produce William Chapin as to the Diocese's "evaluation and determination of whether and when to report . . .allegations, claims and/or complaints of the sexual abuse of a minor taking place during the policy periods of the Subject Arrowood Policies" (Topic 6); and the Diocese's "evaluation and determination of whether and when allegations, claims or complaints of the sexual abuse of a minor made against clergy . . . were required to be reported to Arrowood under the Subject Arrowood Policies." (Topic 7). *See* Notice, Exhibit B.

      Mr. Chapin testified on May 4, 2023, that he was prepared to testify with regard to the Diocese's knowledge regarding Topics 6 and 7. He had prepared to testify about those Topics by reviewing documents and discussing the Topics with coverage counsel. He did not discuss the Topics with anyone else within the Diocese or formerly employed by the Diocese. *See*, Transcript at pages 33-38. During questioning on those Topics, Mr. Chapin testified that the Diocese "did



Hon. Jennifer L. Rochon, U.S.D.J.
May 10, 2023
Page 2

not provide any notice on any of the reports of abuse until the CVA [was enacted]" and that the Arrowood polices did not require notice to Arrowood "[u]ntil a claim was made," as opposed to when it became aware of the alleged sexual abuse. *See* Transcript at pages 199-200.

Mr. Chapin understood the questions and the questions fell within the subject matters identified in Topics 6 and 7 of the *FRCP* 30(b)(6) deposition notice. Counsel for the Diocese, however, was clearly not happy with the answers being provided under oath by the witness. As a result, counsel requested a break in the deposition for the following reason:

> I want to make sure that he understand[s] the diocese's position. I think as the designated witness he is entitled to understand what our position is and I am going to tell him. (*See* Transcript at pages 203, line 6-11.)

The undersigned would not agree to a break for that purpose because, as stated on the record, "I think it's entirely inappropriate for you to coach the witness in that [manner] after the deposition began." The Diocese's counsel refused to permit questioning to proceed, stating "I am going to consult with my client." *See* Transcript at pages 203-04. When the undersigned continued to object to that type of consultation after the deposition had begun, the Diocese's counsel stated:

> The witness is providing -- at your request he is providing the position of The Dioceses of Rockville Centre. If I don't believe that he understands the position of The Dioceses of Rockville Centre, I am going to inform him what our position is. *(See* Transcript at page 205, lines 16-23.)

The Diocese would not continue the deposition without the improper consultation during the deposition, ending the deposition as follows (*See* Transcript at pages 207-209):

> MR. SMITH: You won't go forward right now without consulting with the witness to discuss that topic?
> MR. BERRINGER: Exactly right.
> \*\*\*
> MR. SMITH: Not Reed Smith's position. He is testifying as to the diocese's position, John.
> MR. BERRINGER: Right. Right. On these issues he needs to understand what the position of the dioceses is.
> MR. SMITH: With which you are ready to tell him?
> MR. BERRINGER: Yes.
> \*\*\*

2294870



Hon. Jennifer L. Rochon, U.S.D.J.
May 10, 2023
Page 3

When a deposition is in progress, a deponent may be instructed to not respond to a question "only when necessary to preserve a privilege to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Antolini v. McCloskey*, 2021 U.S. Dist. LEXIS 224360, at *15 (S.D.N.Y. Nov. 19, 2021); *Musto v. Transp. Workers Union of Am.*, 2009 U.S. Dist. LEXIS 3174, at *4 (E.D.N.Y. Jan. 9, 2009); *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33, 40 (D.Mass. 2001). More recently, New York federal courts have held that "discussions between attorney and client 'as to how a question should be handled' are not protected by the attorney-client privilege." *Pape v. Suffolk Cty. Soc'y for the Prevention of Cruelty to Animals*, 2022 U.S. Dist. LEXIS 68430, at *11 (E.D.N.Y. Apr. 12, 2022) (quoting *Wade Williams Distribution, Inc. v. Am. Broad Companies, Inc.*, 2004 U.S. Dist. LEXIS 12152, at *1 (S.D.N.Y. June 30, 2004). The court continued that "indeed, counsel has the right to ask about matters that may have affected or changed the witness's testimony." *Id.* Further "this is particularly true where there are claims of improper interference or coaching by the deponent's attorney." *Id.*; *see also*, *Musto* 2009 U.S. Dist. LEXIS 3174 (E.D.N.Y. Jan. 9, 2009). *Fed. R. Civ. P.* 30(d)(2) further authorizes the court to impose sanctions on any person who "impedes, delays, or frustrates the fair examination of the deponent." *See also*, *Fashion Exch. LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302, 307 (S.D.N.Y. 2019); *Fort Worth Emples. Ret. Fund. v. J.P. Morgan Chase & Co.*, 2013 U.S. Dist. LEXIS 173006 (S.D.N.Y. Dec. 9, 2013).

Counsel's actions were an impermissible attempt to influence or coach Mr. Chapin during his deposition. Counsel did not like the answers given by the witness to topics on which he had been designated as a corporate representative and sought to coach him to the answers desired by the Diocese and/or counsel. Arrowood had provided proper notice of the topics to be covered and the witness testified he had prepared to testify on those topics. When the testimony was not to the Diocese's counsel's liking, he chose to "impede[], delay[], or frustrate[] the fair examination of the deponent."

Arrowood therefore respectfully requests the Court order: (1) the continued deposition of William Chapin; (2) that Arrowood be permitted to question Mr. Chapin regarding any interim communications with the Diocese's counsel regarding Mr. Chapin's testimony; (3) fees and costs associated with the deposition; and (4) that Mr. Berringer be precluded from the defense of the witness during the deposition.

Respectfully submitted,
COUGHLIN MIDLIGE & GARLAND LLP
*/s/ Adam M. Smith*
Adam M. Smith

cc:     All counsel via ECF

2294870