UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,<br><br>                              Plaintiff,<br><br>    v.<br><br>ARROWOOD INDEMNITY COMPANY,<br><br>                              Defendant. | Civil Action No.: 1:20-cv-11011-JLR-SLC<br><br>**CONFIDENTIALITY STIPULATION AND** ~~PROPOSED~~ **PROTECTIVE ORDER** |

      **WHEREAS**, ~~the Parties~~ Plaintiff, The Roman Catholic Diocese of Rockville Centre, New York and Defendant, Arrowood Indemnity Company (together, the "Parties"), having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure~~,~~;

      **WHEREAS**, on June 21, 2021, the Honorable Valerie Caproni so-ordered a stipulation in this action reinstating the Official Committee of Unsecured Creditors (the "Committee") as a party to this action subject to several limitations, including that the Committee shall not be served or otherwise provided with written or document discovery[1] (ECF No. 63), it is hereby

      **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the ~~parties~~ Parties in connection with the pre-trial phase of this action:

      1.    Counsel for any party (or non-party recipient of a subpoena in this action) may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information

---

[1] Pursuant to the Reinstatement Order, the Committee's participation may be restricted or expanded by further Order of the Court based on the circumstances presented to the Court by the parties.

that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclose to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.  Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all terms of this Stipulation and Order.

7. Any Personally Identify Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. ~~Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.~~

11. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena; provided, however, that if any party in receipt of Confidential Information produced by a producing party or non-party is served with a subpoena, request for production of documents, or other similar legal process in another proceeding (including any proceeding before any other court, regulatory agency, law enforcement or administrative body) seeking such Confidential Information, that party shall give prompt written notice to the producing party or non-party through its counsel, sufficiently in advance of any disclosure, in order to provide the producing party or non-party with a reasonable opportunity to assert any objection to the requested production.  If the producing party or non-party objects to the production, the producing party's or non-party's Confidential Information shall not be produced except (i) pursuant to an Order by the Court requiring compliance with the

subpoena, request for production, or other legal process, or (ii) if such subpoena, request or legal process is of the kind where the obligation to produce in a timely manner cannot be excused or deferred by interposing a written objection. The producing party or non-party shall be solely responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring the recipient or anyone else covered by this Confidentiality Stipulation and Proposed Protective Order ("Protective Order") to challenge or appeal any such subpoena, request, legal process or order requiring production of confidential material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any such order, or to seek any relief from this Court.

SO STIPULATED AND AGREED.

Dated: New York, New York
June 27, 2023

                                      SO ORDERED    6/28/2023

*[signature]*
SARAH L. CAVE
United States Magistrate Judge

## EXHIBIT A

### Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated:

_____                    _____
Signed in the presence of:                                          Signed in the presence of:


_____                    _____
John B. Berringer, Esq.                                               Adam M. Smith, Esq.
Timothy P. Law, Esq.                                                  Karen H. Moriarty, Esq.
REED SMITH LLP                                                       COUGHLIN MIDLIGE & GARLAND LLP
599 Lexington Avenue                                                88 Pine Street, 28th Floor
New York, NY 10022                                                  New York, NY 10005
*Attorneys for Plaintiff,*                                              *Attorneys for Defendant,*
*The Roman Catholic Diocese of*                              *Arrowood Indemnity Company*
*Rockville Centre, New York*