

350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962
phone: 973-267-0058
fax: 973-267-6442
www.cmg.law

Wall Street Plaza
88 Pine Street, 28th Floor
New York, New York 10005
phone: 212-483-0105
fax: 212-480-3899

KEVIN T. COUGHLIN
DIRECT DIAL: (973) 631-6001
EMAIL: KCOUGHLIN@CMG.LAW

ADAM M. SMITH
DIRECT DIAL: (212) 612-4995
EMAIL: ASMITH@CMG.LAW

November 16, 2023

**Via ECF**
The Honorable Sarah L. Cave, U.S.M.J.
U.S. District Court Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re: *The Roman Catholic Diocese of Rockville Centre, New York v.*
       *Arrowood Indemnity Company*
       **Case No. 1:20-cv-11011 (JLR)(SLC)**
       **CMG File No. R0078-00181**

Dear Judge Cave:

  We received Your Honor's Order entered on November 9, 2023 requesting that the parties meet and confer and file a joint letter reporting on the impact of the Insolvency Proceedings regarding Arrowood Indemnity Company ("Arrowood") that had been filed in the State of Delaware. This letter is provided in response to that Order with the consent of all parties.

  On November 8, 2023, the Court of Chancery of the State of Delaware entered the attached Liquidation and Injunction With Bar Date Order ("the Liquidation Order") in regard to that Insolvency Proceeding. In Paragraph 20, The Liquidation Order enjoins and restrains all persons that have notice of the Liquidation Order from, among other things "instituting or further prosecuting any action at law or in equity or in other proceedings against Arrowood" or "in any way interfering with the Receiver."

  The Liquidation Order imposes a 180-day stay but allows the Receiver to "consent to allow any such proceeding or proceedings so enjoined to proceed" if the Receiver believes that course is in the best interest of the Arrowood estate. Based upon our meet and confer, it is our understanding that the other parties to this litigation (the Diocese and the Committee) acknowledge that a stay is now in place regarding the above-referenced matter based upon the Liquidation Order, or that if an Order from this Court is needed to effectuate the stay in the Liquidation Order, that it should be entered.

3062352



The Honorable Sarah L. Cave, U.S.M.J.
November 16, 2023
Page 2

      We have been advised that it is the Receiver's preliminary view that the Receiver will lift the stay in the above-referenced matter so that it may proceed. The Liquidation Order, however, was entered less than ten (10) days ago and the Receiver needs additional time to become familiar with the various matters regarding the Arrowood estate and to provide us with further instructions. The Diocese notes that the New York Liquidation Bureau may defend the outstanding underlying sexual abuse actions through its property/casualty insurance security fund which may impact this action. The Diocese and Committee take no position at this time with regard to the potential lifting of the stay and reserve any and all rights they have in that regard.

      Should Your Honor have any questions or wish to discuss this matter in greater detail, the parties will make themselves available at your convenience.

      Respectfully submitted,

      **COUGHLIN MIDLIGE & GARLAND LLP**

      *Adam M. Smith*

      Kevin T. Coughlin
      Adam M. Smith

AMS/tc
Attachment

cc:    **All Parties via ECF**

3062352

**GRANTED WITH MODIFICATIONS**

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE ex rel. THE HONORABLE TRINIDAD NAVARRO, Insurance Commissioner of the State of Delaware, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. _____ ) |
| ARROWOOD INDEMNITY COMPANY, a Delaware Domestic Property & Casualty Insurance Company, | ) ) ) ) |
| Defendant. | ) |

**LIQUIDATION AND INJUNCTION ORDER WITH BAR DATE**

WHEREAS, the Honorable Trinidad Navarro, Insurance Commissioner of the State of Delaware (the "Commissioner"), has filed a verified complaint (the "Complaint") and Motion seeking the entry of a Liquidation and Injunction Order with Bar Date (the "Motion") concerning Arrowood Indemnity Company ("Arrowood"), pursuant to 18 *Del. C.* § 5901, *et seq.*;

WHEREAS, the Receiver has provided the Court with evidence sufficient to support the conclusion that Arrowood is insolvent, in an unsound condition, a condition that renders its further transaction of insurance presently or prospectively hazardous to its policyholders, and has consented to the entry of a Liquidation and Injunction Order with

Bar Date through a majority of the directors of the corporation;

WHEREAS, this Court finds that sufficient cause exists for the liquidation of Arrowood, pursuant to 18 *Del. C.* §§ 5905 and 5906 and for the entry of a Liquidation and Injunction Order with Bar Date ("Liquidation Order") concerning Arrowood; and

WHEREAS, a formal hearing on the Commissioner's Motion is not necessary due to Arrowood's consent to the relief requested by the Motion and Arrowood's waiver of formal service of process and a formal hearing on the Motion;

NOW, THEREFORE, THE COURT FINDS AND ORDERS AS FOLLOWS:

1.  The verified Complaint, including the exhibits thereto, contain sufficient evidence to support the conclusion that Arrowood is insolvent, in an unsound condition, and a condition that renders its further transaction of insurance presently or prospectively hazardous to its policyholders. Because Arrowood has not contested the Complaint or the Motion and has consented to entry of the Liquidation Order, the allegations of the Complaint are deemed admitted as against Arrowood for purposes of this proceeding.

2.  These allegations are also supported by the exhibits to the Complaint filed contemporaneously with the Motion.

3.  As a separate and independent basis for entry of the Liquidation Order, evidence that all of the directors of Arrowood to the entry of the Liquidation Order has been attached to the Complaint and submitted in support of the Motion.

4.  Given the determination set forth above, a formal hearing on the Motion is

not necessary.

5. Consequently, it is hereby declared that: Arrowood is insolvent, in an unsound condition, and in a condition that renders its further transaction of insurance presently or prospectively hazardous to its policyholders. Therefore, sufficient cause exists for the liquidation of Arrowood pursuant to 18 *Del. C.* §§ 5905, 5906, and 18 *Del. C.* ch. 59 and for the entry of a Liquidation Order concerning Arrowood.

6. Pursuant to 18 *Del. C.* § 5913(a), the Commissioner and his successors in office are hereby appointed as the receiver (hereinafter the "Receiver") of Arrowood.

7. Pursuant to 18 *Del. C.* §§ 5911 and 5913, the Receiver shall forthwith take exclusive possession and control of the property of Arrowood, liquidate its business, and deal with Arrowood's property and business in the name of the Receiver or in the name of Arrowood. Further, the Receiver shall be vested with all right, title, and interest in, of, and to the property of Arrowood including, without limitation, all of Arrowood's assets, contracts, rights of action, books, records, bank accounts, certificates of deposits, collateral securing obligations to, or for the benefit of, Arrowood or any trustee, bailee, or any agent acting for or on behalf of Arrowood (collectively, the "Trustees"), securities or other funds, and all real or personal property of any nature of Arrowood including, without limitation, furniture, equipment, fixtures, and office supplies, wherever located, and including such property of Arrowood or collateral securing obligations to, or for the benefit of, Arrowood or any Trustee thereof that may be discovered hereafter, and all proceeds of or accessions

to any of the foregoing, wherever located, in the possession, custody, or control of Arrowood or any Trustee therefore (collectively, the "Assets").

8.     The Receiver may, at his election, change to his own name as Receiver, the name of any of Arrowood's accounts, funds, or other Assets held with any bank, savings and loan association, or other financial institution, and may withdraw such funds, accounts, and other Assets from such institutions or take any other action necessary for the proper conduct of this liquidation.

9.     The Receiver is further authorized to take such actions as the nature of this cause and interests of the policyholders, creditors, and stockholder of Arrowood and the public may require in accordance with 18 *Del. C.* ch. 59.

10.     The Receiver is hereby authorized to deal with the Assets, business, and affairs of Arrowood including, without limitation, the right to sue, defend, and continue to prosecute suits or actions already commenced by or for Arrowood, or for the benefit of Arrowood's policyholders, creditors, and shareholders in the courts, tribunals, agencies, or arbitration panels for this State and other states and jurisdictions in his name as Receiver of Arrowood, or in the name of Arrowood.

11.     The Receiver is hereby authorized to continue to make payments for medical expenses and indemnity for workers compensation claimants and for medical expenses and wage/income loss for motor vehicle claimants, and for medical expense and wage/income loss payments under similar programs, including but not limited to the Federal Black Lung

4

program, until such time as the claims files are transferred to the applicable guaranty association and the guaranty association begins making payments to the claimant.

12. The Receiver is hereby vested with the right, title, and interest in and to all funds recoverable under treaties and agreements of reinsurance heretofore entered into by Arrowood as the ceding insurer or as the assuming insurer, and all reinsurance companies involved with Arrowood are enjoined and restrained from making any settlements with any claimant or policyholder of Arrowood other than with the express written consent of the Commissioner as Receiver, except as permitted by cut-through agreements or endorsements which were issued to the policyholder, which were properly executed before the date of this Order, which comply in all respects with 18 *Del. C.* § 914, as amended by 72 Del. Laws c. 405, and which were approved by the Delaware Insurance Department if such approval was required. The amounts recoverable by the Receiver from any reinsurer of Arrowood shall not be reduced or diminished as a result of this receivership proceeding or by reason of any partial payment or distribution on a reinsured policy, contract, or claim, and each such reinsurer of Arrowood is hereby enjoined and restrained from terminating, canceling, failing to extend or renew, or reducing or changing coverage under any reinsurance policy, reinsurance contract, or letter of credit. The Receiver may terminate or rescind any reinsurance policy or contract that is contrary to the best interests of the receivership.

13. All persons or entities (other than the Receiver or persons acting on behalf of

Arrowood with the consent of the Receiver) that have in their possession or control Assets or possible Assets and/or have notice of these proceedings or of this Order are hereby enjoined and restrained from transacting any business of, or on behalf of, Arrowood or selling, transferring, destroying, wasting, encumbering, or disposing of any of the Assets, without the prior written permission of the Receiver or until further Order of this Court. This prohibition includes, without limitation, Assets or possible Assets pertaining to any business transaction between Arrowood and any of said parties. No actions concerning, involving, or relating to such Assets or possible Assets may be taken by any of the aforesaid persons or entities enumerated herein, without the express written consent of the Receiver, or until further Order of this Court.

14. All persons or entities having notice of these proceedings or of the Liquidation Order are hereby enjoined and restrained from exercising or relying upon any contractual right which would permit such third party or parties from withholding, failing to pay, setting-off or netting, except pursuant to 18 *Del. C.* § 5927, or taking similar action with respect to any obligations owed to Arrowood.

15. All persons or entities having notice of these proceedings or of the Liquidation Order are hereby enjoined and restrained from commutating, terminating, accelerating or modifying any policy of insurance, agreement of reinsurance, or other contract or agreement, or asserting a default or event of default or otherwise exercising, asserting or relying upon any other right or remedy, based upon: (1) the filing of the Complaint for Entry

of Liquidation and Injunction Order with Bar Date, (2) the entry of this Liquidation Order, (3) the unsound or hazardous condition of Arrowood, (4) the impairment or insolvency of Arrowood; or (5) the facts and circumstances set forth in the Complaint for Entry of Liquidation and Injunction Order with Bar Date, without the prior written permission of the Receiver or until further Order of this Court.

16. Except as otherwise indicated elsewhere in this Order or except as excluded by express written notice provided by the Receiver, all persons or entities holding Assets or possible Assets of, or on behalf of, Arrowood shall file with the Receiver within ten (10) calendar days of the entry of this Order an accounting of those Assets and possible Assets, regardless of whether such persons or entities dispute the Receiver's entitlement to such Assets.

17. Except as otherwise indicated elsewhere in this Order or except as excluded by express written notice provided by the Receiver, all persons or entities holding Assets or possible Assets of, or on behalf of, Arrowood, shall within ten (10) calendar days of the entry of this Order turn those Assets or possible Assets over to the Receiver, regardless of whether such persons or entities dispute the Receiver's entitlement to such Assets or possible Assets.

18. All persons and entities that have notice of these proceedings or of this Order are hereby prohibited from instituting or further prosecuting any action at law or in equity or in other proceedings against Arrowood, the Receiver, the Deputy Receiver(s), or the Designees in connection with their duties as such, or from obtaining preferences, judgments,

attachments, or other like liens or encumbrances, or foreclosing upon or making any levy against Arrowood or the Assets, or exercising any right adverse to the right of Arrowood to or in the Assets, or in any way interfering with the Receiver, the Deputy Receiver(s), or the Designees either in their possession and control of the Assets or in the discharge of their duties hereunder.

19. All persons and entities are hereby enjoined and restrained from asserting any claim against the Commissioner as Receiver of Arrowood, the Deputy Receiver(s), or the Designees in connection with their duties as such, or against the Assets, except insofar as such claims are brought in the liquidation proceedings of Arrowood and in a manner otherwise compliant with this Order.

20. All persons or entities that have notice of these proceedings or of this Order are hereby enjoined and restrained from instituting or further prosecuting any action at law or in equity, or proceeding with any pretrial conference, trial, application for judgment, or proceedings on judgment or settlements and such action at law, in equity, special, or other proceedings in which Arrowood is obligated to defend a party insured or any other person it is legally obligated to defend by virtue of its insurance contract for a period of 180 days from the date hereof. Notwithstanding the foregoing injunction, at any time during the 180-day period, the Receiver may at his discretion, when he deems it appropriate and in the best interest of the Arrowood estate, its policyholders or creditors, consent to allow any such proceeding or proceedings so enjoined to proceed.

21. All insurance policies, surety bonds, and contracts of insurance issued by Arrowood, whether issued in the State of Delaware or elsewhere, in effect as of the date of this Liquidation Order shall only continue in force until the earlier of the following events: (i) the stated expiration or termination date and time of the insurance policy, surety bond, or contract of insurance; (ii) the effective date and time of a replacement insurance policy, surety bond, or contract of insurance of the same type issued by another insurer regardless of whether the coverage is identical coverage; (iii) the effective date and time that the Arrowood insurance policy, surety bond, or contract of insurance obligation is transferred to another insurer or entity authorized by law to assume such obligation; or (iv) the cancellation and termination for all purposes of the insurance policy, surety bond, or contract of insurance at 12:01 a.m. on the thirtieth (30th) calendar day from the date of this Order pursuant to Paragraph 22 below.

22. Except for those insurance policies, surety bonds, or contracts of insurance which expire or are cancelled, terminated, or transferred earlier as set forth in Paragraph 21(i) through (iii) above, all insurance policies, surety bonds, or contracts of insurance issued by Arrowood, whether issued in the State of Delaware or elsewhere, in effect as of the date of this Liquidation Order, are hereby cancelled and terminated for all purposes as of 12:01 a.m. on the thirtieth (30th) calendar day following the date of this Liquidation Order. For purposes of this paragraph, even if the thirtieth (30th) calendar day following the date of this Liquidation Order is a Saturday, Sunday, or holiday, the insurance policy,

surety bond, or contract of insurance shall be cancelled and terminated as of 12:01 a.m. on the thirtieth (30th) calendar day following the date of this Liquidation Order. The Receiver shall notify promptly all policyholders, principals, or obligees as applicable of such policy, surety bond, or contract cancellation and termination by United States first class mail at the last known address of such policyholders, principals or obliges.

23. Pursuant to 18 *Del. C.* § 5924, the rights and liabilities of Arrowood and of its creditors, policyholders, principals, obligees, claimants, stockholders, members, subscribers, and all other persons interested in its estate shall, unless otherwise directed by the Court, be fixed as of the date of this Liquidation Order, subject to the provisions of Chapter 59 of Title 18 of the Delaware Code with respect to the rights of claimants holding contingent claims.

24. ANY AND ALL CLAIMS NOT FILED WITH THE RECEIVER ON OR BEFORE THE CLOSE OF BUSINESS ON **JANUARY 15, 2025** (THE "BAR DATE") SHALL BE BARRED FROM CLASSES II THROUGH VI AS THOSE CLASSES ARE DEFINED IN 18 *DEL. C.* §§ 5918(e)(2) THROUGH (e)(6) AND SHALL NOT RECEIVE ANY DISTRIBUTIONS FROM THE GENERAL ASSETS OF THE ESTATE OF ARROWOOD UNLESS AND UNTIL ASSETS BECOME AVAILABLE FOR A DISTRIBUTION TO CLASS VII CLAIMANTS AS DEFINED IN 18 *DEL. C.* § 5918(e)(7). THIS BAR DATE SHALL SUPERSEDE ANY APPLICABLE STATUTES OF LIMITATIONS OR OTHER STATUTORY OR CONTRACTUAL TIME LIMITS WHICH HAVE NOT YET EXPIRED

WHETHER ARISING UNDER DELAWARE LAW, UNDER THE APPLICABLE LAWS OF ANY OTHER JURISDICTION, OR UNDER A CONTRACT WITH ARROWOOD BUT SHALL ONLY APPLY TO CLAIMS AGAINST ARROWOOD IN THE LIQUIDATION PROCEEDINGS AND DOES NOT APPLY TO, AND EXCLUDES, CLAIMS BROUGHT BY ARROWOOD.  ALL CLAIMANTS SHALL ATTACH TO SUCH PROOF OF CLAIM DOCUMENTATION SUFFICIENT TO SUPPORT SUCH CLAIM.  FOR NON-CONTINGENT CLAIMS, THE FILED CLAIMS SHALL NOT BE REQUIRED TO BE LIQUIDATED AND ABSOLUTE ON OR BEFORE THE BAR DATE SET FORTH HEREIN.

25. CONTINGENT AND UNLIQUIDATED CLAIMS THAT ARE PROPERLY FILED WITH THE RECEIVER IN ACCORDANCE WITH THIS ORDER SHALL ONLY BE ELIGIBLE TO SHARE IN A DISTRIBUTION OF THE ASSETS OF ARROWOOD IN ACCORDANCE WITH 18 *DEL. C.* § 5928.

26. Within sixty (60) calendar days after the date of this Order, or as soon as possible after an interested party or potential creditor subsequently becomes known to the Receiver, the Receiver shall serve a copy of this Liquidation Order, a Notice of Liquidation substantially in the form appended to the Motion as Exhibit C, a Proof of Claim Form substantially in the form appended to the Motion as Exhibit D, and the Instructions for the Proof of Claim Form substantially in the form appended to the Motion as Exhibit E, on all interested parties, all known potential creditors, all current and former

stockholders of Arrowood, all former Board members of the Arrowood, its third party adjusters, its managing general underwriters, its brokers, its agents, its reinsurer(s), and any reinsurance intermediaries, all other known vendors, all state insurance guaranty associations providing coverage for the lines of business written by Arrowood, and all State Insurance Commissioners by United States first class mail, postage prepaid, provided that in the Receiver's discretion such notice may be mailed instead by United States first class certified mail, return receipt requested, or other United States mail providing proof of mailing, to such interested party or potential creditor's last known address in the company's files.

27. Within thirty (30) calendar days after the date of this Order, the Receiver shall also publish this Liquidation Order, the Notice of Liquidation, Proof of Claim Form, and the Instructions to the Proof of Claim Form on the Delaware Department of Insurance website at the link referred to in Exhibit "E" to the Motion.

28. Pursuant to the provisions of 18 *Del. C.* §§ 5904(b) and 5928(c), no judgment against Arrowood and/or one or more of its insureds taken after the date of this Liquidation Order shall be considered in the liquidation proceedings as evidence of liability or of the amount of damages, and no judgment against Arrowood and/or one or more of its insureds taken by default or by collusion prior to the effective date of the Liquidation Order shall be considered as conclusive evidence in the liquidation proceedings, either of the liability of Arrowood and/or one or more of its insureds to such

person or entity upon such cause of action or of the amount of damages to which such person or entity is therein entitled.

29. The Receiver shall submit claim Recommendation Reports to the Court within a reasonable time after the Receiver's investigation concerning all claims submitted by a particular claimant has been completed.

30. The Receiver will file reports of receipts and disbursements with the Court on an annual basis in a form consistent with past practice in receiverships.

31. The filing or recording of this Order or a certified copy hereof with the Register in Chancery and with the recorder of deeds of the jurisdiction in which Arrowood's corporate and administrative offices are located or, in the case of real estate or other recorded property interests, with the recorder of deeds of the jurisdictions where the property is located, shall impart the same notice as would be imparted by a deed, bill of sale, or other evidence of title duly filed or recorded with that recorder of deeds. Without limiting the foregoing, the filing of this Order with the Register in Chancery also constitutes notice to all sureties and fidelity bondholders of Arrowood of all potential claims against Arrowood under such policies and shall constitute the perfection of a lien in favor of Arrowood under the Uniform Commercial Code or any like Federal or state law, regulation, or order dealing with the priority of claims.

32. The Receiver is hereby authorized to transfer some or all of Arrowood's Assets and liabilities to a separate affiliate or subsidiary for the overall benefit of

Arrowood's policyholders, creditors, and shareholders, subject to approval by this Court.

33. The Receiver may, in his discretion, reject any executory contract to which Arrowood is a party.

34. The Receiver may, in his discretion, appoint one or more consultants or other persons to serve as Deputy Receiver to assist the Receiver in accomplishing the directives of this Order. The Deputy Receiver(s) shall serve at the pleasure of the Receiver and, subject to the approval of the Receiver, shall be entitled to exercise all of the powers and authorities vested in the Receiver pursuant to this Order and applicable law.

35. The Receiver may employ or continue to employ and fix the compensation of such deputies, counsel, clerks, employees, accountants, actuaries, consultants, assistants and other personnel (collectively, the "Designees") as considered necessary, and all compensation and expenses of the Receiver, the Deputy Receiver(s) and the Designees and of taking possession of Arrowood and conducting this proceeding shall be paid out of the funds and assets of Arrowood as administrative expenses. The Receiver may also retain those of Arrowood's current management personnel and other employees as Designees as he in his discretion determines would facilitate the liquidation of Arrowood. All such Designees shall be deemed to have agreed to submit disputes concerning their rights, obligations, and compensation in their capacity as Designees to this Court.

36. The Receiver, the Deputy Receiver(s), and the Designees (collectively, the "Indemnitees") shall have no personal liability for their acts or omissions in connection with

14

their duties, provided that such acts or omissions are or were undertaken in good faith and without willful misconduct, gross negligence, or criminal intent.  All expenses, costs, and attorneys' fees incurred by the Indemnitees in connection with any lawsuit brought against them in their representative capacities shall be subject to the approval of the Receiver, except that in the event that the Receiver is the Indemnitee, this Court's approval shall be required, and such expenses, costs, and attorneys' fees shall be exclusively paid out of the funds and assets of Arrowood.  The Indemnitees in their capacities as such shall not be deemed to be employees of the State of Delaware.

37. Hereafter the caption of this cause and all pleadings in this matter shall read as:

> "IN THE MATTER OF THE LIQUIDATION
> OF ARROWOOD INDEMNITY COMPANY."

38. This Court shall retain jurisdiction in this cause for the purpose of granting such other and further relief as this cause, the interests of the policyholders, creditors, stockholder of Arrowood, and the public may require. The Receiver, or any interested party

upon notice to the Receiver, may at any time make application for such other and further relief as either sees fit.

      SO ORDERED this _____ day of _____, 2023.

                                                        _____
                                                        Vice Chancellor

| | |
|---:|:---|
| | This document constitutes a ruling of the court and should be treated as such. |
| **Court:** | DE Court of Chancery Civil Action |
| **Judge:** | Lori W. Will |
| **File & Serve Transaction ID:** | 71343102 |
| **Current Date:** | Nov 08, 2023 |
| **Case Number:** | 2023-1126-LWW |
| **Case Name:** | State of Delaware ex rel. The Honorable Trinidad Navarro v. Arrowood Indemnity Company |
| **Court Authorizer:** | Lori W. Will |

**Court Authorizer Comments:**

As set forth in the stipulation at docket entry 8, the relief sought in the motion and the facts supporting the motion are uncontested. The directors of the defendant have agreed to the relief sought in this liquidation order. Accordingly, the order is granted as unopposed.

/s/ Judge Lori W. Will