

350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962
phone: 973-267-0058
fax: 973-267-6442
www.cmg.law

Wall Street Plaza
88 Pine Street, 28th Floor
New York, New York 10005
phone: 212-483-0105
fax: 212-480-3899

ADAM M. SMITH, ESQ.        September 23, 2025
DIRECT DIAL: (212) 612-4995
EMAIL: ASMITH@CMG.LAW

*Via ECF*

Hon. Sarah L. Cave, U.S.M.J.
U.S. District Court, Southern District of
New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, New York 10007

> The Court is in receipt of Defendant's letter at Dkt. No. 222. A telephone conference to discuss the Subpoena is scheduled for **October 2, 2025 at 3:00 p.m. ET** on the Court's conference line. The parties are directed to call (855) 244-8681; access code: 2308 226 4654 at the scheduled time. On or before **September 29, 2025**, Defendant shall serve a copy of this Order on non-party DOB and file proof of service.
>
> The Clerk of Court is respectfully directed to close Dkt. No. 222.
>
> SO ORDERED.    September 24, 2025
>
> SARAH L. CAVE
> United States Magistrate Judge

**Re:**    ***Alan D. Halperin, solely as Trustee of the DRVC Abuse Claims Trust v. Arrowood Indemnity Company, in Liquidation***
***Case No. 1:20-cv-11011-JLR-SLC***

Dear Magistrate Judge Cave:

We write on behalf of the Defendant, Arrowood Indemnity Company, in Liquidation ("Arrowood") pursuant to § II.C.2. of Your Honor's Individual Practices in Civil Cases and S.D.N.Y. Local Rule 37.2 to request a discovery conference before the Court in the above-referenced matter (the "DRVC Action").

The subject of the requested discovery conference is a subpoena served by Arrowood on non-party, The Roman Catholic Diocese of Brooklyn, New York ("DOB") on August 7, 2025 (the "Subpoena"). The Subpoena requests, among other things, all documents in DOB's possession regarding Father Romano Ferraro ("Ferraro"), a priest formerly employed by the DOB who served for a period of time at a parish within the Diocese of Rockville Centre ("DRVC"). *See* Smith Decl., Ex. A at 12.[1] Plaintiff, Alan D. Halperin, solely as Trustee of the DRVC Abuse Claims Trust (the "Trust"), seeks indemnity coverage from Arrowood for claims asserted against the DRVC involving sexual abuse allegedly committed by Ferraro while serving as a priest in the DRVC. It is Arrowood's understanding that the documents requested in the Subpoena relating to Ferraro are in the possession of the DOB.

Counsel for Arrowood and the DOB were unable to resolve the scope of the DOB's response to the Subpoena, and Arrowood now brings the instant letter-motion requesting a discovery conference with the Court. Arrowood disagrees with the DOB's objections to the scope of the Subpoena and the proposed limitations on the DOB's response. The DOB's first objection to the Subpoena is on the grounds that it seeks "confidential" and "sensitive" information regarding lawsuits against the DOB which involve abuse allegedly committed by Ferraro. *See* Smith Decl., Ex. B at 3. However, the fact that the materials requested in the Subpoena may be "confidential" or "sensitive" because they relate to ongoing litigation are not valid bases upon which to withhold

---

[1] "Smith Decl." refers to the Declaration of Adam M. Smith, Esq., dated September 23, 2025, filed contemporaneously herewith.



Hon. Sarah L. Cave
September 23, 2025
Page 2 of 3

otherwise relevant documents and information. *See Impact Envtl. Consulting v. Chillak*, 2016 U.S. Dist. LEXIS 121559, at *6 (E.D.N.Y. Sept. 8, 2016). Further, the DOB's concerns about confidentiality and the use of responsive Ferraro documents in the DOB Action[2] are sufficiently addressed by the Protective Order that was entered in the DRVC Action in 2023. *See* ECF Nos. 158, 162. The Protective Order was actually drafted with input from DOB's counsel in connection with a prior subpoena (the "2023 Subpoena") and specifically limits the use of confidential information to the DRVC Action. ECF No. 158 at ¶ 2.

The DOB also improperly places its own artificial limitations on what it considers "relevant" to Arrowood's coverage defenses in the DRVC Action, agreeing only to produce those documents (a) specifying "notice" to the DRVC of abuse by Ferraro, and (b) concerning abuse that occurred during the Arrowood policy periods.[3] *See* Smith Decl., Ex. B at 4. In the DRVC Action, the Trust seeks indemnity coverage from Arrowood for at least seven claims filed by individuals that allegedly suffered abuse by Ferraro during his time with the DRVC. If the Trust and/or DRVC were in possession of Ferraro's personnel file, Arrowood would have requested the same information from those parties. However, because Ferraro was employed by the DOB, it is the DOB who is in possession of the file. This makes the Subpoena to the DOB requesting Ferraro-related documents necessary for Arrowood's claims and defenses *in the DRVC Action.*

The documents sought in the Subpoena are relevant to, among other things, Arrowood's expected or intended coverage defense as well as whether the Trust had any legal liability to the abuse claimants—issues requiring discovery as to the DRVC's knowledge, or lack thereof, of an alleged perpetrator's abusive tendencies. Any document concerning abuse in Ferraro's personnel file – regardless of whether it specifically mentions notice to the DRVC, or whether it specifically concerns abuse between 1956 and 1976 – is unquestionably relevant to what the DRVC knew, and when, about the likelihood that Ferraro would abuse minor parishioners. *See* ECF No. 84 [Judge Caproni Opinion] at 11 (questions about "who in the [DRVC] knew what when and whether individuals within the [DOB] communicated what they knew to their colleagues in the [DRVC] such that the only permissible conclusion is that sexual abuse had to have been intended or expected by the [DRVC]" need to be answered "before Arrowood's duty to indemnify can be determined"); *C.T. v. Diocese of Brooklyn*, 239 A.D.3d 784, 786 (2d Dep't 2025) (documents relating to post-abuse investigation were "material and necessary" to "establish whether the Diocese had actual or constructive notice of [the perpetrator's] alleged propensity to engage in the sexual abuse of children" prior to the abuse at issue); *Trinidad v. Roman Catholic Diocese of*

---

[2] The "DOB Action" refers to the pending lawsuit captioned *Arrowood Indemnity Company, in Liquidation v. The Roman Catholic Diocese of Brooklyn, New York*, Civil Action No. 1:20-cv-06281-LDH-TAM (E.D.N.Y.).

[3] The limitation in the 2023 Subpoena to documents concerning "notice" to DRVC mirrored the language of Judge Rochon's December 13, 2022 Opinion, which limited discovery in the DRVC Action to duty to defend issues such as late notice. *See* ECF No. 122 at 29. The scope of discovery has since been expanded to encompass Arrowood's duty to indemnify. *See* ECF No. 213 at 1.



Hon. Sarah L. Cave
September 23, 2025
Page 3 of 3

*Brooklyn*, 2023 U.S. Dist. LEXIS 102166 (E.D.N.Y. June 13, 2023) ("Other victims' allegations of abuse are relevant to show a pattern of conduct of which the Parish and/or Diocese were aware but failed to address.").

 Based on the foregoing, Arrowood respectfully requests a discovery conference before the Court to address the DOB's response to the Subpoena.

    Very truly yours,

    COUGHLIN MIDLIGE & GARLAND LLP

    */s/ Adam M. Smith*

    Adam M. Smith, Esq.

cc: counsel of record (via ECF)
  Dennis J. Artese, Esq. (via dartese@andersonkill.com)
  Thomas Dupont, Esq. (via tdupont@andersonkill.com)