350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962
phone: 973-267-0058
fax: 973-267-6442
www.cmg.law



Wall Street Plaza
88 Pine Street, 28th Floor
New York, New York 10005
phone: 212-483-0105
fax: 212-480-3899

ADAM M SMITH, ESQ.
DIRECT DIAL: (212) 612-4995
EMAIL: ASMITH@CMG.LAW

KAREN H. MORIARTY, ESQ.
DIRECT DIAL: (973) 631-6027
EMAIL: KMORIARTY@CMG.LAW

January 15, 2026

<u>*Via ECF*</u>

Hon. Sarah L. Cave, U.S.M.J.
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, New York 10007

      Re:    *Alan D. Halperin, solely as Trustee of the DRVC Abuse Claims Trust v. Arrowood Indemnity Company, in Liquidation*
            Case No. 1:20-cv-11011-JLR-SLC

Dear Magistrate Judge Cave:

      On behalf of the Defendant, Arrowood Indemnity Company, in Liquidation ("Arrowood"), we submit this letter brief pursuant to Your Honor's December 9, 2025 Order (ECF#242) to address the impropriety of Plaintiff's, Alan D. Halperin, solely as Trustee of the DRVC Abuse Claims Trust (the "Trust"), withholding of documents/information on "privilege" grounds in the above-referenced matter.[1]

      The Trust's broad assertions of privilege and redactions in thousands of the documents produced are not supported. Arrowood's discovery requests are proportionate to the needs of the case as required by Fed.R.Civ.Pro. 26(b)(1) considering that the discovery requested relates directly to the coverage issues raised in this case; the large amount in controversy; only the Trust has access to the relevant information; and the Trust's burden in producing the redacted/withheld discovery does not outweigh the benefit of the production in resolving the issues at stake. When Arrowood raised its challenges to the Trust's withholding of information in its October 13, 2025 letter to the Trust (Ex. B), the Trust attempted to shift the burden to Arrowood to establish the relevance of any document listed on its privilege/redaction log before it would address its assertions of privilege. (Ex. C). The Trust states that it has produced both relevant and irrelevant documents, for "the sake of efficiency," and then unreasonably requests that Arrowood review the documents and identify which are relevant if it wishes to challenge over 9000 claims of privilege. (Ex.B, p.2). This ask is a red herring utilized by the Trust to distract from its improper privilege assertions.

---

[1] Arrowood will email a copy of the Trust's privilege log and Privilege Actor Index, Ex.A. to Judge Cave's Chambers.

3510380



Hon. Sarah L. Cave
January 15, 2026
Page 2 of 5

The Trust's reliance, in its November 25, 2025 letter (Ex. C), on *Citizens Union of New York v. AG of New York,* 269 F. Supp. 3d 124 (S.D.N.Y. 2017) to avoid addressing Arrowood's challenges to its log is misplaced. *Citizens* reiterates the well-settled rule that the party seeking discovery has the initial burden of showing that the documents sought are relevant, and the burden then shifts to the party withholding discovery to show that it is privileged or unduly burdensome. *Id.* at 139. The Trust has not asserted relevancy as a basis for withholding any particular document. It has asserted various privileges that supposedly support withholding. These assertions we address below. In short, the Trust has not sustained its burden to establish privilege.

Moreover, contrary to the Trust's assertions, Arrowood identified both documents and categories of documents as examples of the Trust's improper privilege claims. *See e.g.* Ex B, p.3, et seq, including footnotes. We set forth below the basis for Arrowood's challenges to the Trust's claims of privilege with supporting exemplary documents attached as exhibits.

### 1. Alan Placa/John Alesandro Documents

Regarding documents and communications involving Alan Placa ("Placa") and John Alesandro ("Alesandro"), the Trust broadly asserts that the attorney-client privilege applies to prohibit disclosure. To the contrary, Placa's and Alesandro's critical roles with the Diocese were as priest members of a team investigating allegations of personal misconduct including sexual misconduct. Investigatory reports and materials are not protected by the attorney-client privilege or the work-product doctrine merely because they are provided to, or prepared by, counsel. *See Spectrum Sys. Int'l Corp. v. Chem. Bank*, 78 N.Y.2d 371, 581 N.E.2d 1055, 1061, 575 N.Y.S.2d 809 (N.Y. 1991) ("a lawyer's communication is not cloaked with privilege when the lawyer is hired for business or personal advice, or to do the work of a non-lawyer"). Further, it is well-settled that communications involving an attorney are not privileged when they are doing the work of a non-lawyer. *See e.g. Tirschwell v. TCW Group Inc.*, 2019 N.Y. Misc. LEXIS 791 (Sup. Ct., N.Y. Cnty. Feb. 26, 2019). Placa was apparently employed in a mixed role, with reference to both his legal and non-legal responsibilities. *See* excerpts of Placa deposition testimony attached at Ex. D. That Placa occasionally worked in a legal capacity does not support these wholesale claims of privilege. *See* examples at Ex. E.

### 2. Communications between the Diocese and its defense counsel

The production of communications between the Diocese and its defense counsel during the time Arrowood agreed to defend the Diocese is supported by *Coregis Ins. Co. v. Lewis, Johs, Avallone, Aviles & Kaufman, LLP,* 2006 U.S. Dist. LEXIS 55326 at *46-47 (E.D.N.Y. July 28, 2006); and *Kingsway Fin. Servs. v. Pricewaterhouse-Coopers LLP,* 2008 U.S. Dist. LEXIS 77018 at *25 (S.D.N.Y. Oct. 2, 2008) (that the parties are currently adverse in a related action does not



alter the fact that Dore and Great American shared a common interest at the time the communications were made). *See* examples at Ex. F.

### 3. Communications between Diocesan priests and/or other non-legal personnel

Arrowood objects to the Trust's unfounded assertion of privilege over communications among Diocesan priests and/or other non-legal personnel. *See* examples at Ex. G.

### 4. Communications with third parties

Communications with third parties are not protected by the attorney-client privilege or common interest privilege. The Diocese is not the client of other diocesan entities' counsel. The Diocese and these other entities had separate defense counsel, no common interest has been shown regarding their defense, and the Trust is not seeking coverage for the diocesan entities. Further, Arrowood provided a defense certain of the diocesan entities. *See* Ex.B, p.6. Further, there are numerous entries that are claimed to be attorney client and /or work product privileged on which other third parties unrelated to the Diocese [e.g. insurers, other dioceses] are copied, thus waiving any privilege. *See* examples at Ex.H.

### 5. Communications between Diocese and non-attorneys and/or counsel not representing the Diocese

The common interest doctrine does not apply to communications the Diocese had with non-attorneys and/or counsel not representing the Diocese. This contradicts the narrow application of the common interest doctrine the Trust outlines on page 7 of Ex. C. *See* examples at Ex. I

### 6. Communications with Third Party Administrators/Brokers

Arrowood objects to redactions/withholding of communications with third party administrators/brokers as not protected by any privilege. *See* Exh. B, p 9-10. *See* examples at Ex.J.

### 7. Personal Health Information

The Trust's 11,000+ redactions for Personal Health Information ("PHI") of priests has been rejected in numerous New York decisions. *See e.g., Maida v. Diocese of Brooklyn,* 2023 N.Y. Misc. LEXIS 10356, affirmed 2025 N.Y. App.Div. LEXIS 6505 (2d Dept 2025) (Ex. K); *Harmon v. Diocese of Albany*, 21 N.Y. Misc.LEXIS11, *affirmed* 204 A.D.3d 1270 (3d Dept 2022); *see also ARK133 Doe v. Diocese of Brooklyn*, 507284/2020 Order entered 08/08/2025 (Ex. L). These decisions are clear that this privilege is not the Trust's to assert, as the priest/patient is the holder



Hon. Sarah L. Cave
January 15, 2026
Page 4 of 5

of this privilege and there is no privilege when a third party is in possession of medical information or records. *See* PHI Log in Ex. A; and examples pf PHI redactions at Ex. M.[2]

### 8. Settlement Documents

The Trust asserts a blanket privilege over settlement documents. Arrowood agrees to limit its requests to executed settlement agreements with sexual abuse claimants. This information does not violate the attorney-client privilege and is specifically relevant to issues of notice and pattern and practice. *See* example at Ex.N.

### 9. IRCP Documents

Arrowood is still awaiting the Trust's index of PII redactions made in the IRCP documents.

### 10. Privilege Log Issues

Numerous entries in the log simply identify attorneys (over 30 law firms) for the Diocese, or merely state "Attorney for DRVC" with no further information regarding the context of that representation, dates, or sender/recipient which is deficient. *See* Ex. A and example at Ex. O.

In terms of work product, the Trust's privilege log repeatedly states "in anticipation of litigation" to justify its claims but does not identify the litigation. There are documents going back decades which were allegedly drafted "in anticipation of litigation," but the Trust identifies no litigation or otherwise supports this cut-and-paste explanation. "Generalized steps to avoid non-specific litigation are not accorded work product protection. . . As with the attorney-client privilege, the party asserting the protection of the work-product doctrine bears the burden of establishing its applicability to the case at hand." *Durling v. Papa Johns Int'l, Inc.,* 2018 U.S. Dist. LEXIS 11584 at *12 (S.D.N.Y. 2018) (denying application of the work product doctrine and finding that "the communications at issue would have occurred in essentially similar form even if PJI had not anticipated litigation."). The Trust has not demonstrated that the documents denoted as work product constitute more than generalized steps to avoid non-specific litigation. *See* Ex. A and example at Ex. P.

In addition, there are numerous privileged actors noted on the privilege logs that are not on the Privileged Actor List, e.g. Richard Nolan, Robert McAuliffe, Lou Defeo, and many Privileged Actors are not attorneys.

---

[2] Certain of the PHI documents are several pages in length and also contain references to redactions for privilege.

3510380



Hon. Sarah L. Cave
January 15, 2026
Page 5 of 5

    Based on the foregoing and the attached exhibits, the Trust's above-described assertions of privilege are without support and should not be upheld.

    Very truly yours,

    **COUGHLIN MIDLIGE & GARLAND LLP**

/s/ *Adam M. Smith*
Adam M. Smith, Esq.
Karen H. Moriarty, Esq.

cc:    Counsel of record (via ECF)