UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN D. HALPERIN, solely as Trustee of the DRVC Abuse Claims Trust,<br><br>                                    Plaintiff,<br><br>        -v-<br><br>ARROWOOD INDEMNITY COMPANY,<br><br>                                    Defendant. | CIVIL ACTION NO. 20 Civ. 11011 (JLR) (SLC)<br><br><br>**ORDER** |

**SARAH L. CAVE**, United States Magistrate Judge:

We presume the reader's familiarity with the background of this action involving the scope of Defendant Arrowood Indemnity Company's ("Arrowood") duty to indemnify the Plaintiff Alan D. Halperin, solely as Trustee of the Diocese of Rockville Center ("DRVC") Abuse Claims Trust (the "Trust")[1] in connection with claims involving childhood sexual abuse by members of DRVC's clergy.  See Roman Catholic Diocese of Rockville Ctr., N.Y. v. Arrowood Indemn. Co., No. 20 Civ. 11011 (JLR), 2022 WL 17593312, at *1–3 (S.D.N.Y. Dec. 13, 2022); Roman Catholic Diocese of Rockville Ctr., N.Y. v. Arrowood Indemn. Co., No. 20 Civ. 11011 (VEC), 2022 WL 558182, at *1–2 (S.D.N.Y. Feb. 23, 2022).

Before the Court is Arrowood's motion to compel non-party The Roman Catholic Diocese of Brooklyn, New York ("DOB") to produce, in response to a subpoena dated August 7, 2025 (the "Subpoena"),[2] documents from the personnel file it maintained for Father Romano Ferraro ("Fr. Ferraro"), a DOB priest who served for a period of time at a parish in DRVC.  (Dkt. No. 222 at 1). As pertinent to Arrowood's potential indemnity obligations, Fr. Ferraro is alleged to have sexually

---

[1] By Order dated February 18, 2025, the Trust was substituted as Plaintiff in place of DRVC.  (Dkt. No. 214).
[2] This was the second subpoena Arrowood had served on DOB.  (See Dkt. Nos. 226 at 1; 226-1).

abused children while at DRVC from mid-1975 to January 1977.  (Dkt. No. 249 at 2).  In response to the Subpoena, DOB produced 18 pages "concerning the DRVC's notice of prior abuse by [Fr.] Ferraro during the periods in which Arrowood issued policies to the DRVC."  (Id. at 1).

Unsatisfied with DOB's production, on September 23, 2025, Arrowood requested a discovery conference concerning the Subpoena.  (Dkt. No. 222).  Following a conference with the Court on October 2, 2025, DOB prepared and produced to Arrowood an index of Fr. Ferraro's personnel file (the "Index"), indicating DOB's position as to the relevance of each document "to the issue of the DRVC's knowledge or notice of [Fr.] Ferraro's misconduct."  (Dkt. Nos. 228; 249 at 1).  Following another conference on October 29, 2025, the Court directed Arrowood and DOB to meet and confer about the Index to try to reach agreement regarding the scope of DOB's production in response to the Subpoena.  (Dkt. No. 234).  Following that meet-and-confer, DOB agreed to produce another 128 pages from Fr. Ferraro's personnel file, but Arrowood highlighted an additional 423 pages it continued to seek.  (Dkt. No. 235).  Arrowood and DOB continued to confer about the Index, but did not reach an agreement.  (Dkt. Nos. 238; 240).

On December 9, 2025, the Court directed Arrowood to identify the additional documents it was seeking from Fr. Ferraro's personnel file and provided DOB an opportunity to respond.  (Dkt. No. 242 at 1).  After receiving the parties' letters (Dkt. Nos. 245; 249), on January 7, 2026, the Court held a conference in which DOB participated and during which Arrowood and DOB explained their positions as to the relevance, or lack thereof, as to the additional documents Arrowood sought from Fr. Ferraro's personnel file.  (Dkt. Nos. 242; 250; 257 (the "Jan. 7 Conference")).  At the Jan. 7 Conference, Arrowood argued that the additional documents it seeks appear to be related to instances of sexual abuse and would be relevant to proving the existence

of a pattern and practice of transferring priests between parishes to conceal their abusive behavior. (Dkt. No. 257 at 4:2–8:4). DOB opposed Arrowood's request for additional documents as an attempt to circumvent a ruling from the Eastern District of New York that DOB did not have to produce Fr. Ferraro's entire personnel file in Arrowood's litigation against DOB (the "DOB Action") and argued that the additional documents did not show a pattern and practice as to DRVC. (Id. at 8:7–11:14). Arrowood confirmed that it will not use in the DOB Action any documents that DOB produces from Fr. Ferraro's personnel file in this action and reiterated that whether there was a pattern and practice of transferring Fr. Ferraro between parishes is relevant to DRVC's obligation to pay damages and, in turn, Arrowood's indemnity obligations. (Id. at 12:14–14:14).

Following the Jan. 7 Conference, the Court examined the Index and identified 43 pages for DOB to submit for in camera review. (Dkt. No. 251 at 1 (the "In Camera Documents")). On January 14, 2026, DOB submitted the In Camera Documents, which the Court has now reviewed. Based on that review, the Court finds that some, but not all, of the In Camera Documents are potentially relevant to the issue of DRVC's knowledge of Fr. Ferraro's behavior as might give rise to DRVC's legal obligation to pay damages to Fr. Ferraro's victims "as required under the Arrowood policies to trigger coverage." (Dkt. No. 245 at 2). Accordingly, DOB shall produce in response to the Subpoena the following pages from Fr. Ferraro's personnel file: FerraroRJI-0000413–17, 0000818–20, 0000830, 0000840–41, 0000968–69, 00001036–39, 0001196–1202, and 0001392–93. With completion of that production, the Court will deem DOB's obligations in response to the Subpoena complete.

3

Accordingly, by **February 6, 2026**, DOB shall file a letter confirming completion of the production.


Dated:       New York, New York
             January 26, 2026                  SO ORDERED.

_____
SARAH L. CAVE
**United States Magistrate Judge**