# Burns ı Bair

10 East Doty Street, Suite 600
Madison, Wisconsin 53703
(608) 286-2302
burnsbair.com

Jesse J. Bair
jbair@burnsbair.com
D. (608) 286-2840

> The Trust's motion to seal at Dkt. No. 264 is **GRANTED**. The sealed documents filed by the Trust at Dkt. Nos. 265 and 265-1 shall remain sealed. The Clerk of Court is respectfully directed to close Dkt. No. 264.
>
> SO ORDERED.    February 19, 2026
>
> _Sarah Cave_
> SARAH L. CAVE
> United States Magistrate Judge

February 6, 2026

**Via ECF**

Hon. Sarah L. Cave, U.S.M.J.
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, New York 10007

> Re:  ***Alan D. Halperin, solely as Trustee of the DRVC Abuse Claims Trust v. Arrowood Indemnity Company, in liquidation***
> **Case No. 1:20-cv-11011-JLR-SLC**

Dear Magistrate Judge Cave:

Pursuant to Federal Rule of Civil Procedure 26(c), the Trust moves to seal excerpts of a confidential deposition transcript submitted in support of the Trust's concurrently filed letter brief regarding Arrowood's objections to the Trust's privilege log.

Rule 26(c) confers "broad discretion" to this court to seal a deposition transcript "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Matter of Energetic Tank, Inc.*, 567 F. Supp. 3d 453, 456 (S.D.N.Y. 2021) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)); F.R.C.P. 26(c)(1)(F).

There is no presumption of access for non-judicial documents, such as discovery materials. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 62 (S.D.N.Y. 2007) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)). When attempting to seal discovery materials, "the movant need only make a baseline showing of good cause in order to justify the imposition of a protective order." *Id.*

The parties have agreed that this case involves certain sensitive information that need not enter the public record. For that reason, the Diocese and Arrowood entered a Confidentiality Stipulation and Protective Order approved by this Court, which requires the parties to maintain the confidentiality of documents that are designated "confidential" in this litigation. Dkt. 158. The Trust is bound by the Protective Order in this case. Dkt. 213. During the deposition of Father Alan Placa,

the Diocese of Rockville Center designated the entire transcript of the deposition confidential under the Protective Order.

In the excerpts from the Placa Deposition submitted in support of the Trust's response to Arrowood's January 15, 2026 letter, Father Placa describes the Diocese's internal processes for investigating claims of sexual abuse. Information about the Diocese's procedures for internal investigation is non-public information. The publication of this information therefore may be viewed by the Diocese as embarrassing and/or oppressive. Good cause thus exists for the deposition transcript excerpts to remain under seal.

The Trust respectfully requests that the Court seal the confidential deposition transcript excerpts supporting its February 6, 2026 letter.

Sincerely,

*/s/ Jesse J. Bair*
Jesse J. Bair

Burns ı Bair